401 So.2d 1146 (1981)
MIAMI STEEL TRADERS, INC., Appellant,
v.
RYDER TRUCK LINES, INC., a Corporation, Ranger Division, Appellee.
No. 80-2541.
District Court of Appeal of Florida, Third District.
July 28, 1981.
*1147 Alexander William Kent, Miami, for appellant.
Britton, Cohen, Kaufman, Benson & Schantz and Leo Adderly, Miami, for appellee.
Before HENDRY, SCHWARTZ and DANIEL S. PEARSON, JJ.
DANIEL S. PEARSON, Judge.
When in August 1980, Miami Steel Traders, Inc. was served with a summons and complaint, its counsel eschewed answering and instead, forty days later, filed a notice of appearance. Admittedly aware that the filing of this paper guaranteed that no default could be entered against the defendant unless its counsel was first notified of the application for default, see Fla.R.Civ.P. 1.500(b), and that the filing of an answer or responsive pleading before the default hearing would preclude default, see Fla.R.Civ.P. 1.500(c); Freedman v. Freedman, 235 So.2d 544 (Fla.3d DCA 1970), defense counsel, through the device of filing an appearance, effectively postponed the already long overdue response until Ryder applied for default, at which time defense counsel intended to cure his failure to respond to the complaint.
In late October 1980, Ryder moved for default and notified counsel for Miami Steel Traders, Inc. of its application. At this point, defense counsel's best laid plans went awry  he mislaid and failed to calender the notice. Default and final judgment were entered. In December 1980, defense counsel, awakened (but not fully) more than a month earlier, by the threat of imminent execution on his client's property, moved to vacate the default and final judgment. The trial court denied the requested relief, and the defendant appealed.
It is abundantly clear that the defendant's proffer of excusable neglect went only to his failure to file an answer before the hearing on the plaintiff's motion for default, held more than two months after the complaint was served and a month after the answer was due. No excusable neglect relating to the defendant's failure to file the answer when it was due was shown.
While Rule 1.500(c) permits a defendant to prevent default by the filing of a late answer on the eve of the default hearing, the existence of this rule does not supplant the requirement of Florida Rule of Civil Procedure 1.140 that an answer be filed within twenty days from the service of the summons and complaint. A showing of excusable neglect to comply with Rule 1.500(c) cannot be bootstrapped into a showing of excusable neglect to comply with Rule 1.140.
The defendant has been hoist with its counsel's own petard, and we will not pick up the pieces.
Affirmed.