MILLS, Judge.
Shannon Motors, Inc. (Shannon) appeals the trial court’s order dismissing with prejudice its complaint against Vans & Vehicles. We reverse.
This case involves a series of transactions among various parties concerning the sale of a pickup truck. Originally, pursuant to its security interest, First National Bank of Winslow (FNB) brought a replevin action against Southside Motors Company (South-side), Shannon, and Vans & Vehicles (Case No. 79-15438-CA). Southside filed a cross-claim for indemnity against Shannon; Shannon filed a cross-claim for indemnity against Vans & Vehicles. Subsequently, FNB dismissed its complaint against Shannon and Vans & Vehicles.
On 28 April 1980, the trial court dismissed Shannon’s amended cross-claim against Vans & Vehicles, but gave Shannon ten days to file a second amended cross-claim. (The court previously had dismissed Shannon’s original cross-claim with leave to amend by order of 12 March 1980.) Shannon failed to file a second amended cross-claim within the ten-day period. When the case was reached for trial on 26 August 1980, the following colloquy took place:
*552 THE COURT: All right, then, Vans and Vehicles seems to be completely out of the picture. Let the record show that the defendant Shannon Motors, having failed to amend its cross-claim against Vans and Vehicles as provided for by the order of the 28th of April 1980, that cross-claim is considered abandoned, and Vans and Vehicles is out of this case; so that will leave only the cross-claim asserted by Southside Motors against Shannon Motors — am I correct gentlemen?
MR. RIZK: Yes, sir.
MR. MASON: Yes, sir.
The final judgment in Case No. 79-15438-CA, which awarded a judgment in favor of FNB in the replevin action and in favor of Southside on the cross-claim, contained the following language:
The entry of the Final Judgment herein and the prior order of the Court dismissing the Cross-claim filed by cross-plaintiff Shannon Motors, Inc. against the former cross-defendant, Vans & Vehicles, Inc., shall be without prejudice as to the rights of Shannon Motors, Inc. to institute any action against the former cross-defendant, Vans & Vehicles, Inc., for the matters made the subject of this action. (Emphasis added)
Subsequently, Shannon filed the instant action against Vans & Vehicles (Case No. 81-8567-CA). The trial court dismissed the complaint, ruling that in spite of the language of the final judgment in Case No. 79-15438-CA, the trial court’s oral remarks set out above constituted a dismissal with prejudice. The court reasoned that dismissal of a claim under Rule 1.420(b), Florida Rules of Civil Procedure, acts as an adjudication on the merits unless the order of dismissal otherwise specifies. The final judgment in Case No. 81-8567-CA contained the following:
Thus, when the Court by its ruling at the beginning of the trial of Case No. 79-15438-CA dismissed the cross-claim of Shannon Motors, Inc. against Vans & Vehicles without specifying at that time that the dismissal was without prejudice, such dismissal acted as an adjudication on the merits as between Shannon Motors and Vans & Vehicles.
It is from this ruling that Shannon appeals.
In Edward L. Nezelek, Inc. v. Sunbeam Television Corporation, 413 So.2d 51 (Fla. 3d DCA 1982), the Third District Court of Appeal recently faced a situation similar to the one presented here. In that case, the trial court dismissed the plaintiff’s complaint with prejudice following the plaintiff’s failure to amend its complaint within the time allowed for amendment. The defendant had moved for dismissal ex parte and the trial court dismissed the complaint without a hearing. The Third District Court reversed, holding that:
[Ojnce a court has dismissed a complaint for failure to state a cause of action, but has granted the party leave to amend, that complaint may subsequently be dismissed with prejudice only if one of two notice conditions are met, (1) separate notice to plaintiff of hearing on the motion for dismissal with prejudice or entry of final judgment, or (2) the order dismissing the complaint with leave to amend specifically provides that on failure to amend within the stated time, the cause will be dismissed without further notice. 413 So.2d at 54-55.
We adopt the reasoning of Nezelek and hold that neither of these two notice conditions were met in this case. The only “hearing” held on this motion to dismiss was the brief colloquy at the beginning of the trial of Case No. 79-15438-CA. Nor did the order dismissing the second amended complaint specifically provide that failure to amend within ten days would result in dismissal with prejudice.
In support of the trial court’s ruling, Vans & Vehicles relies on Lasley v. Cushing, 244 So.2d 770 (Fla. 1st DCA 1971). We find that case distinguishable. Lasley held that the trial court did not abuse its discretion in dismissing a complaint. “Discretion” is a power of free decision or latitude of choice within certain legal bounds. Webster’s New Collegiate Dictionary (8th Ed. 1981). Obviously, the trial court here did not exercise its discretion in dismissing this *553 complaint. The court dismissed the complaint not because it wanted to, but because it felt constrained to do so under its interpretation of Rule 1.420(b).
Reversed and remanded for proceedings consistent with this opinion.
ROBERT P. SMITH, Jr., C.J., and McCORD, J., concur.