447 So.2d 1038 (1984)
Warren CROWDER, Appellant,
v.
OROWEAT FOODS COMPANY, Gary Otterbach, Claude Guyard and Robert Eisman, Appellees.
No. 83-799.
District Court of Appeal of Florida, Second District.
April 4, 1984.
*1039 Malka Isaak, Tampa and Joel D. Eaton of Podhurst, Orseck, Parks, Josefsberg, Eaton, Meadow & Olin, P.A., Miami, for appellant.
John S. Jaffer of Wilson, Wilson & Jaffer, P.A., Sarasota, for appellees.
RYDER, Judge.
This case arises from the sale of a business by Warren Crowder to Oroweat Foods Company (Oroweat). Ultimately, the trial court entered a final default judgment in favor of Oroweat, and a final judgment involuntarily dismissing Crowder's counterclaim. We reverse.
Oroweat sought a default judgment based upon Crowder's failure to file a responsive pleading to Oroweat's amended complaint. Before a hearing was held on the motion for default judgment, Crowder served an answer denying liability, a counterclaim, and a motion to dismiss one count of the amended complaint.
Oroweat filed several motions including a motion for involuntary dismissal of the counterclaim. All motions were heard by the trial court in February 1983.
The trial court entered a "partial summary judgment" and denied the motions for default and involuntary dismissal "upon the condition that Defendant, Warren Crowder, shall deposit with the Clerk of this Court the sum of $33,525.99 within ten (10) days of the date of this Order." The court indicated: "If Defendant fails to deposit said sum, the Court will reconsider the motions of plaintiff for default and involuntary dismissal." (emphasis added).
Subsequently, Crowder filed a motion for rehearing of the trial court's "partial summary judgment", asserting that the form of the order was incorrect and misleading, and that the provision directing Crowder to deposit funds with the clerk was not authorized by law.
Oroweat filed a "renewed motion for involuntary dismissal and default" based on Crowder's failure to deposit funds in the registry of the court. It was asserted that the motion for rehearing filed by Crowder "does not state the time for compliance with the Court's request to deposit the money with the Clerk."
Although a hearing was set for the motion for rehearing and the renewed motion for default and involuntary dismissal, the trial court cancelled the hearing. The trial court entered final judgment granting Oroweat's renewed motion and dismissing Crowder's counterclaim. Crowder timely filed his notice of appeal.
Entry of the default against Crowder was improper. Florida Rule of Civil Procedure 1.500(c) allows a party to "plead or otherwise defend at any time before default is entered." Crowder served an answer, counterclaim and motion to dismiss before a default was entered, thereby preventing entry of the default judgment. *1040 Board of Regents v. Hardin, 393 So.2d 1134 (Fla. 1st DCA 1981); Chester, Blackburn & Roder, Inc. v. Marchese, 383 So.2d 734 (Fla. 3d DCA 1980). Consequently, we hereby vacate the default judgment.
The involuntary dismissal of appellant's counterclaim must also be reversed. Following the February 1983 hearing, the trial court ordered that it would reconsider the motions for default and involuntary dismissal if Crowder failed to deposit funds with the court. This order was insufficient to convey notice to Crowder that the failure to deposit the funds would result in an automatic involuntary dismissal of his counterclaim without the opportunity to present arguments concerning his failure to deposit the funds or the propriety of dismissal for that failure. Hence, involuntary dismissal of Crowder's counterclaim without a proper antecedent hearing and without sufficient warning that dismissal would be automatic, was improper. See Edward L. Nezelek, Inc. v. Sunbeam Television Corp., 413 So.2d 51 (Fla. 3d DCA), petition for review denied, 424 So.2d 763 (Fla. 1982); Fla.R.Civ.P. 1.420(b). See also Shannon Motors, Inc. v. Vans & Vehicles, Inc., 423 So.2d 551 (Fla. 1st DCA 1982).
Other arguments presented by the parties have been considered and do not require further discussion herein. In light of our conclusion, the decision below is REVERSED and this case REMANDED for further proceedings.
HOBSON, A.C.J., and CAMPBELL, J., concur.