488 So.2d 582 (1986)
GIBRALTAR SERVICE CORPORATION, a Missouri Corporation, and Gibraltar Financial Corp., a Florida Corporation, Appellants,
v.
LONE AND ASSOCIATES, INC., Formerly D/B/a Lone Morrison Advertising, Appellee.
No. 85-1916.
District Court of Appeal of Florida, Fourth District.
April 30, 1986.
*583 Gary L. Brown of Levin, Fishman & Alexander, P.A., Miami, for appellants.
Jesse H. Diner of Atkinson, Jenne, Diner, Stone, Butterworth & Cohen, P.A., Hollywood, for appellee.
GLICKSTEIN, Judge.
This is an appeal of the circuit court's denial of appellants' motion to vacate a default in a suit by appellee. We reverse.
Plaintiff/appellee Lone and Associates, Inc., formerly known as Lone Morrison Advertising, sued defendants/appellants Gibraltar Service Corporation ("Service") and its Florida subsidiary Gibraltar Financial Corporation ("Financial"), for damages on the theories of breach of contract, account stated and quantum meruit. Plaintiff/appellee served its summons and complaint on both defendants on March 19, 1985. Financial passed its summons and complaint to its lawyer on March 25, 1985. Florida Rule of Civil Procedure 1.140 allows a party twenty days after service on it of the original process and the initial pleading, within which to serve its answer. April 8, 1985, the Monday after Easter Sunday, was the deadline for the defendants' responsive pleadings.
On April 10, 1985, Service served by mail its motion to dismiss and motion to strike. Also on April 10, 1985, Financial served by mail its motion to dismiss or, alternatively, for a more definite statement. Also on April 10, 1985, the clerk of the court entered a default against both defendants for failure to serve or file any paper. On April 16, 1985, the motions mailed by defendants/appellants on April 10 were filed with the court. According to appellants they became aware of the entry of default on May 7, 1985. Defendants'/appellants' motion to vacate default was served by mail May 15, 1985 and filed with the court on May 20, 1985.
*584 The defendants'/appellants' motion to vacate default was accompanied by three affidavits. An affidavit of Gregory Saban on behalf of Service was unsigned and unverified. An affidavit of Jacob Fishman, counsel at trial for both of the defendants, explained the oversight or excusable neglect as due to counsel's misconstruction of his own notation on the summons and taking the date he had written, March 25, 1985, as the date of service of the summons and complaint. As a result he thought an answer was required by April 14, 1985. An affidavit of John V. Capozzi, president of Financial and resident agent of Service, stated Financial's defenses to Lone's complaint.
On June 4, 1985, plaintiff/appellee Lone served notice of its motion for entry of default judgment and setting hearing on the motion for June 13, 1985. On June 10, 1985, defendants/appellants served notice by mail of their motion to vacate default, which set the hearing date also for June 13, 1985. This notice had not been received by the adverse party nor the court when the parties appeared for the hearing on the appellee's motion for entry of default judgment on June 13, 1985. The court ordered the hearing reset and on June 13 it was reset for June 27, 1985.
At the hearing, Service presented an affidavit of the new vice president of Service, Floyd L. Shearin, setting forth Service's meritorious defenses. Shearin had become the company's vice president after May 15, 1985 and did not have personal knowledge of the matters averred.
Appellants' counsel sought to continue the hearing from June 27, 1985, saying he had not had time to prepare and had expected a continuance. The continuance was denied, and at the conclusion of the hearing the trial judge ruled that appellants' motion to vacate the default was denied. A written order was entered by another trial judge on July 17, 1985. This appeal followed.
The basic issue, restated, is whether the trial court erred in denying appellants' motion to set aside the default, as it was adequately shown their failure timely to answer the initial pleading was due to mistake, inadvertence or excusable neglect, they had meritorious defenses, and they exercised due diligence upon learning of the default. However, we have also considered the question arising out of the entry of a default on the same day that the defendant serves a defensive motion by mail.

I.
In order to determine whether the defendant should be granted his motion to set aside a default, the trial court must determine (1) whether the defendant demonstrated his neglect to respond was excusable, and (2) that the defendant had a meritorious defense. The court may consider as an additional factor whether the defendant subsequently to learning of the default demonstrated due diligence in seeking relief. See, e.g., B.C. Builders Supply Co. v. Maldonado, 405 So.2d 1345, 1347 (Fla. 3d DCA 1981). To reverse the trial court's ruling on a motion to vacate a default, the appellate court must determine that the trial court grossly abused its discretion. North Shore Hospital, Inc. v. Barber, 143 So.2d 849, 852 (Fla. 1962). At the same time, the appellate court must recognize the long-standing Florida policy of liberality toward vacating defaults. Id. Thus there is a heavier burden on a party appealing a grant of a motion to vacate default then on a party seeking reversal of a denial of such a motion. Maldonado, 405 So.2d at 1347.
To demonstrate excusable neglect, the defendant must by affidavit or other sworn statement set forth facts explaining the mistake or inadvertence; a meritorious defense may be shown by either an unverified pleading or an affidavit. See Hall v. Byington, 421 So.2d 817 (Fla. 4th DCA 1982), and cases cited therein.
Here, appellants' attorney supplied an affidavit, which was required, explaining how he came to miscalculate the due date of a responsive pleading. Appellants *585 asked that their attorney's error be regarded as excusable neglect. Inasmuch as the object of the entry of a default is to expedite the cause, not to give plaintiff an undue advantage, see Coggin v. Barfield, 150 Fla. 551, 8 So.2d 9 (1942), we conclude that counsel's error here should have been so regarded. Any reasonable doubt should be resolved in favor of granting the motion to set aside default so that a case may be tried on its merits. E.g., Cunningham v. White, 390 So.2d 467 (Fla. 3d DCA 1980). There are numerous instances of not dissimilar errors being excused.
Moreover, appellants filed sufficient pleadings to recite meritorious defenses. As we earlier said, this prong does not require an affidavit. Hall v. Byington.

II.
Upon the question of the effect of service of a motion or responsive pleading on the same day as the entry of a default, we requested of the Civil Procedure Rules Committee of The Florida Bar that it file an amicus curiae brief. We did so because of appellants' contention that service by mail is complete upon mailing, according to rule 1.080(b), and that plaintiff had no right to move for default and the clerk had no right to grant that motion on April 10, 1985, since three more days would have to elapse under the rule pertaining to service by mail before it could be certified that no responsive pleadings had been received. This is because the proper date for service was April 8, 1985, and five more days are allowed because the service was by mail. They admit the mailing was two days late due to the attorney's mistake.[1]
We agree with the conclusion in the amicus curiae brief and hold as follows:[2]

A. Addition of Five Days

There is no direct relationship between the provisions in rule 1.090(e), allowing an additional five days for response to service of a paper if service is made by mail, and the entry of a default for failure to plead provided for in rule 1.500(a). The party seeking affirmative relief is not required by rule 1.500(a) to take any specific action to have the clerk enter a default. As indicated in Trawick's Florida Practice and Procedure § 8-23 (1984), it is customary for the clerk to require the filing of a paper requesting entry of the default. That is appropriate because the rule now provides for entry of a default only if a paper has not been served or filed on behalf *586 of the party against whom relief is sought.
It is technically impossible for an attorney to certify that no pleading has been "served" upon him because service is complete upon mailing. Rule 1.080(b). An attorney can only certify that he has not received a paper from the opposing party.

B. Validity of Default

Since there is nothing in the rules that requires the filing of a document in order for a clerk to enter a default, the issue that arises when there is a motion to set aside a default because it was improperly entered is whether the party against whom the default was entered has failed to file or serve a paper within the time required. Rule 1.140 requires a defendant to "serve" his answer within twenty days after service of original process. Rule 1.500(c) gives a party a right to plead at any time before default is entered. The rules do not specifically cover the situation that has arisen in this case in which the default was apparently entered on the same day that the pleading was served. The exact time of the entry of default can be determined by the clerk's time stamp. Since service is complete upon mailing, there is no way of determining the exact instant of service except by the testimony of the person who placed the paper in the mail receptacle. In view of the desirability of having litigation determined on its merits rather than by technicalities, the better rule is to require the default to be set aside if adequate proof is presented that the paper was mailed on the same day that the default was entered.
In what appears to be the only case speaking to this issue, which was decided when the rules were somewhat different, the court held that entry of default was improper when the answer was served by mailing on the same day that a praecipe for default was filed with the clerk. It is not apparent from the opinion when the default was actually entered. Gilmer v. Rubin, 98 So.2d 367 (Fla. 3d DCA 1957).

C. Conclusion

An attorney may never certify that a responsive pleading has not been served; but the clerk may properly enter a default when the clerk has been informed that no paper has been received from the party against whom relief is sought, the clerk ascertaining that no paper has been filed and that more than twenty days have elapsed since process was served. Trawick's construction[3] is not correct; but if a responsive pleading was deposited in the mail on the same day that the clerk entered the default, the default should be set aside.
ANSTEAD, J., concurs.
DELL, J., concurs specially with opinion.
DELL, Judge, concurring specially.
I concur in the result reached by the majority. Rule 1.500(c), Florida Rules of Civil Procedure, supports the majority's conclusion that a default should be set aside upon a showing by competent evidence that mailing of a paper occurred on the same day as entry of the default. It seems to follow that under such circumstances the defaulted party does not need to show excusable neglect or a meritorious defense to have the default vacated. See Gavin v. Gavin, 456 So.2d 535 (Fla. 1st DCA 1984).
NOTES
[1] To support their reasoning above, appellants cite Crowder v. Oroweat Foods Company, 447 So.2d 1038 (Fla. 2d DCA 1984), Florida Rule of Civil Procedure 1.090(e) and Trawick's Florida Practice and Procedure § 8-23. The Oroweat citation must be for the principle that if a responsive pleading has been served before the default has been entered, the default is improperly entered. Rule 1.090(e) states that when a party has a right or is required to do something within a prescribed period after service of some paper on him, he has five additional days to do what he may or must do, if the service on him was by mail.

Here service on defendants/appellants was not by mail; therefore rule 1.090(e) appears not to have been operative. However, Trawick at § 8-23 reads rule 1.090(e) in pari materia with rule 1.080(b), and produces quite a different result.
Rule 1.080(b) states that when service must or can be made on a party represented by a lawyer, it must be made on the lawyer unless the court orders otherwise. One of the ways the rule states such service on the attorney or party can be made is by mail. The last sentence of rule 1.080(b) reads, "Service by mail shall be complete upon mailing."
Trawick concludes from his reading of rules 1.080(b) and 1.090(e) that because of the sentence just quoted "the clerk cannot properly enter a default until he has allowed the five days additional time allowed for mail responses." Trawick's Florida Practice and Procedure § 8-23 (1984). Trawick states further a lawyer cannot properly certify, by signing a motion for default, a responsive pleading has not been served, until the five days additional time has elapsed. Id. Florida Rule of Judicial Administration 2.060(d) states an attorney's signature on a pleading is a certificate that to the best of his knowledge, information and belief there is good ground to support the pleading. Trawick is apparently saying the lawyer cannot have adequate knowledge on which to base his belief until the five day mailing extension of time has elapsed.
[2] The remainder of this opinion follows virtually verbatim the brief submitted on behalf of the Civil Procedure Rules Committee by Robert P. Gaines, Esq., to whom we are indebted.
[3] See supra n. 1.