488 So.2d 923 (1986)
BARNETT BANK OF SOUTHWEST FLORIDA, N.A., Appellant,
v.
Charles V. ANDERSON, Jr., and Anderson Petroleum Products, Inc., a Florida Corporation, Appellees.
No. 85-2950.
District Court of Appeal of Florida, Second District.
May 28, 1986.
Ronald L. Collier and Thomas D. Shults of Abel, Band, Brown, Russell & Collier, Sarasota, for appellant.
Stephan B. Widmeyer of Hall & Widmeyer, Port Charlotte, for appellees.
SANDERLIN, Judge.
Barnett Bank appeals from the trial court's refusal to set aside a default judgment. The record discloses a series of procedural events preceding the entry of the default judgment. The pertinent occurrences began with October 21, 1985. On that date Barnett Bank served an amended answer to the second amended complaint. On that same day, the trial court's default order was signed and ultimately served upon counsel on October 25, 1985. Barnett Bank moved to vacate the default and for rehearing. The motions were heard, denied, and this appeal was initiated. We find the trial court erred and we reverse.
Florida Rule of Civil Procedure 1.500(c), permits a party to plead or otherwise defend before a default is entered. The default order before us was signed by the *924 trial judge on the same day the appellant served the appellee, by mail, with its amended answer. In Gibraltar Service Corp. v. Lone & Associates, Inc., 488 So.2d 582 (Fla. 4th DCA 1986), a default was set aside upon "adequate proof ... that the paper was mailed on the same day that the default was entered." Id. at 586. At the moment when Barnett Bank served its amended answer to the appellee's second amended complaint, the trial court could not properly enter a default. See Prestige Vending, Inc. v. TRS Properties, Inc., 481 So.2d 1287 (Fla. 2d DCA 1986); Crowder v. Oroweat Foods Co., 447 So.2d 1038 (Fla. 2d DCA 1984). We reverse the order of default and remand the case for further proceedings consistent with this opinion.
DANAHY, A.C.J., and FRANK, J., concur.