PER CURIAM.
After denial of its motion to dismiss appellee’s complaint for foreclosure of a mortgage, appellant was given ten days to file an answer. Upon expiration of that period, appellee moved for entry of default, no answer having been filed. The motion for default was set for hearing on July 9, 1986. Appellant filed its belated answer to the complaint on July 1. As a result of the hearing of July 9 default was entered against appellant despite the fact that its answer had been filed.
Rule 1.500(b) and (c), Florida Rules of Civil Procedure, provide that the court may enter a default only where the defendant “has failed to plead or otherwise defend,” and “[a] party may plead or otherwise defend at any time before default is entered.”
This court and others have interpreted the rule as prohibiting entry of a default where an answer is filed before the default is entered, even though the answer may have been untimely. See Ingaglio v. Ennis, 443 So.2d 459 (Fla. 4th DCA 1984); Chester, Blackburn & Roder, Inc. v. Marchese, 383 So.2d 734 (Fla. 3d DCA 1980). However, this does not preclude the imposition of sanctions other than default for dilatory conduct. Marchese, at 735 n. 4.
We therefore reverse and remand for further proceedings. The trial court may impose sanctions upon appellant or its attorney as it deems appropriate.
REVERSED and REMANDED.
HERSEY, C.J., and WALDEN and GUNTHER, JJ., concur.