PER CURIAM.
The entry of a default judgment is improper when the party against whom the default is entered has filed a responsive pleading prior to the hearing on the motion for default. See Haitian Community Flamingo Auto Parts Corp. v. Landmark First Nat’l Bank of Ft. Lauderdale, 501 So.2d 170 (Fla. 4th DCA 1987); Leon Shaffer Golnick Advertising v. Cedar, 423 So.2d 1015 (Fla. 4th DCA 1982); Fla.R.Civ.P. 1.500(b), (c); see also Chester, Blackburn & Roder, Inc. v. Marchese, 383 So.2d 734 (Fla. 3d DCA 1980) (answer filed before order of default filed with the clerk pre-eludes entry of order of default). Compare Miami Steel Traders, Inc. v. Ryder Truck Lines, Inc., 401 So.2d 1146 (Fla. 3d DCA 1981) (entry of default proper when defendant failed to file answer prior to the hearing on the motion for default without meritorious defense or excusable neglect). An erroneously entered default should be set aside without any showing of excusable neglect or meritorious defense. See Chester, Blackburn & Roder, Inc.; cf. Turner v. Allen, 389 So.2d 686 (Fla. 5th DCA 1980) (entry of default by clerk); Mo-Con Properties, Inc. v. American Mechanical, Inc., 289 So.2d 744 (Fla. 4th DCA 1974) (same). In this case, appellant filed his answer to appellee’s counterclaim three days before the entry of the default judgment. The entry of the default was error.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.