534 So.2d 1243 (1988)
Steve ROCHE, et al., Appellants,
v.
COMMERCIAL TECHNICAL CONSULTANTS COMPANY, Etc., Appellee.
No. 88-875.
District Court of Appeal of Florida, Fifth District.
December 15, 1988.
William H. Morrison, Altamonte Springs, for appellants.
James M. Spoonhour and Gary R. Soles, of Lowndes, Drosdick, Doster, Kantor & Reed, P.A., Orlando, for appellee.
ORFINGER, Judge.
We reverse the order denying appellants' motion to set aside the default entered against them, for the reason that their answer to the complaint was served by mail the day before the default was entered.[1] The entry of a default should be set aside where a party against whom the default has been entered demonstrates that appropriate service of a responsive pleading was made on or prior to the date on which the default was entered, whether the default was entered by the Clerk pursuant to Florida Rule of Civil Procedure 1.500(a), Maintenance Electric Co. v. Hesson, 493 So.2d 94 (Fla. 4th DCA 1986); Gibraltar Service Corp. v. Lone and Associates, Inc., 488 So.2d 582 (Fla. 4th DCA 1986), or as here, by the court pursuant to Rule 1.500(b), Barnett Bank of Southeast Florida, N.A. v. Anderson, 488 So.2d 923 (Fla.2d DCA 1986). Rule 1.500(c) permits a party to plead or otherwise defend at any time before a default is entered. Service by mail is complete upon mailing, Rule 1.080(b), and an attorney's certificate of service is prima facie proof of such service. Gavin v. Gavin, 456 So.2d 535 (Fla. 1st DCA 1984). The certificate of service on the responsive pleading indicating service by mail on the day prior to entry of the default was not challenged below.
*1244 The trial court thus erred in not setting aside the default, and it was unnecessary for the court to address the issues of excusable neglect or a meritorious defense. We do not reach the question of whether the trial court erred in refusing to enter a default against the appellee on appellants' counterclaim for failure to file a timely response to the counterclaim, because an order denying a motion for default is neither a final order nor an appealable non-final order under Florida Rule of Appellate Procedure 9.130(a)(3).
REVERSED and REMANDED for further proceedings consistent herewith.
SHARP, C.J., and DAUKSCH, J., concur.
NOTES
[1] Florida Rule of Civil Procedure 1.500 governs defaults and provides in relevant part:

(a) By the Clerk. When a party against whom affirmative relief is sought has failed to file or serve any paper in the action, the party seeking relief may have the clerk enter a default against the party failing to serve or file such paper.
(b) By the Court. When a party against whom affirmative relief is sought has failed to plead or otherwise defend as provided by these rules or any applicable statute or any order of court, the court may enter a default against such party; provided that if such party has filed or served any paper in the action, he shall be served with notice of the application for default.
(c) Right to Plead. A party may plead or otherwise defend at any time before default is entered. If a party in default files any paper after the default is entered, the clerk shall notify the party of the entry of the default. The clerk shall make an entry on the progress docket showing the notification.