538 So.2d 554 (1989)
Mark P. NASRALLAH, et al., Appellants,
v.
Stuart T. SMITH, et Ux., Appellees.
No. 88-247.
District Court of Appeal of Florida, Fifth District.
February 23, 1989.
*555 Kelvin L. Averbuch and Linton S. Waterhouse, Orlando, for appellants.
Richard E. Dunegan and Al A. Cheneler of Dunegan & Associates, P.A., Orlando, for appellees.
DANIEL, Judge.
Appellants, Mark P. Nasrallah and The Nasrallah Corporation, have taken this appeal from a final judgment entered in favor of appellees, Stuart and Kaye Smith. The final judgment was based upon a default which had been entered by the clerk pursuant to rule 1.500(a) of the Florida Rules of Civil Procedure. We find that the trial court erred in denying appellants' motion to set aside the default and, therefore, reverse.
On January 9, 1987, Stuart and Kaye Smith filed a complaint against appellants for damages, asserting several claims in tort and negligence, as well as a claim for breach of contract. When no responsive pleading was filed, the Smiths, on February 27, 1987, filed a motion for default and the clerk entered default against appellants on that day. On that same day, appellants served by mail a motion to dismiss the Smiths' complaint. Upon receiving notice that a default had been entered, appellants filed a motion to set aside the default. This motion was denied by the trial court. Following a trial on the issue of damages, the trial court entered final judgment against appellants.
Appellants contend it was error for the trial court to deny the motion to set aside the default because service of the motion to dismiss was completed on the same day that the default was entered. Appellants rely on Gibraltar Service Corporation v. Lone and Associates, Inc., 488 So.2d 582 (Fla. 4th DCA 1986) for support. In Gibraltar, the Court held that a default should be set aside where the party against whom the default was entered demonstrates that service of a responsive pleading had been completed either on or before the day when the default was entered. In so ruling the court explained:
The rules do not specifically cover the situation that has arisen in this case in which the default was apparently entered on the same day that the pleading was served. The exact time of the entry of default can be determined by the clerk's time stamp. Since service is complete upon mailing, there is no way of determining the exact instant of service except by the testimony of the person who placed the paper in the mail receptacle. In view of the desirability of having litigation determined on its merits rather than by technicalities, the better rule is to require the default to be set aside if adequate proof is presented that the paper was mailed on the same day that the default was entered. (emphasis supplied)
488 So.2d at 586.
This court addressed this issue in Roche v. Commercial Technical Consultants Company, 534 So.2d 1243 (Fla. 5th DCA 1988) wherein we stated:
The entry of a default should be set aside where a party against whom the default has been entered demonstrates that appropriate service of a responsive pleading was made on or prior to the date on which the default was entered... .
534 So.2d at 1243. See also Maintenance Electric Company, Inc. v. Hesson, 493 So.2d 94 (Fla. 4th DCA 1986); Barnett Bank of Southwest Florida v. Anderson, 488 So.2d 923 (Fla. 2d DCA 1986); Hodkin v. Ledbetter, 487 So.2d 1214 (Fla. 4th DCA 1986). Accordingly, we reverse the final judgment entered against appellants and *556 remand this matter to the trial court for proceedings consistent with this opinion.
REVERSED and REMANDED.
COBB, J., and NORRIS, W.A., JR., Associate Judge, concur.