553 So.2d 369 (1989)
Bruce A. NANTS, Esquire, D/B/a Law Offices of Bruce A. Nants, Appellant,
v.
Manuel FARIA, Appellee.
No. 89-578.
District Court of Appeal of Florida, Fifth District.
December 7, 1989.
Bruce A. Nants, Orlando, for appellant.
Dominick J. Salfi, Altamonte Springs, for appellee.
DANIEL, Chief Judge.
Appellant Bruce Nants, the defendant below, appeals an order denying his motion to vacate a default in favor of the appellee, Manuel Faria, the plaintiff below. Nants raises three points on appeal. We find it necessary to respond only to Nants' assertion that the trial court erred in entering a default in view of an answer having been filed by Nants prior to the entry of such default. We agree that such was error and reverse.
The record reveals a virtual clinic in acrimony and dilatory pleadings. This matter initially began with the complaint filed by Faria seeking several thousand dollars back rent and other damages from Nants. Nants filed a motion to dismiss for failure by Faria to comply with the bond requirements of section 57.011, Florida Statutes, and another motion to dismiss for failure to join indispensable parties. Faria filed a "Motion to Strike as a Sham Pleading." The pleading wars continued until the trial court rendered an order, followed by an amended order, denying Faria's motion to strike as a sham pleading and Nants' motion to strike Faria's response as well as Nants' motion to dismiss. Even then an argument arose as to whether one of Nants' motions to dismiss was left dangling. For purposes of this appeal, it matters not.
Following the foregoing exercise in dilatory forensics, Faria moved for entry of a default against Nants for failure to answer the complaint. Nants filed a response arguing in part that no answer was required because the trial court had yet to rule on his motion to dismiss for failure to comply with section 57.011. The motion for default was taken under advisement by the trial court after hearing the same on the morning of February 2, 1989. At approximately 11:00 a.m. of that morning Nants filed his answer. At 4:30 p.m. that afternoon, the order of the trial court granting Faria's motion for default was rendered. Several motions followed, including a motion to set aside the default which was ultimately denied.
This court does not enter into the fray of whether all pending motions had been disposed of by the trial court prior to the entry of default. The record does not adequately reflect this detail but, even if it did, the entry of the default by the trial court *370 was error. Florida Rule of Civil Procedure 1.500(c) provides that a party may plead or otherwise defend at any time before default is entered. In Nasrallah v. Smith, 538 So.2d 554 (Fla. 5th DCA 1989), this court held that it was error to refuse to set aside a default when the defendant had served a motion to dismiss on the same day the default was entered. In so holding, this court relied on Roche v. Commercial Technical Consultants Company, 534 So.2d 1243 (Fla. 5th DCA 1988), in which this court stated that the entry of a default should be set aside where a party against whom the default has been entered demonstrates the filing of a responsive pleading on, or prior to, the date on which the default was entered. Other courts have similarly held that a default entered on the same day that a responsive pleading or defensive motion is filed must be set aside. See, e.g., Barnett Bank of Southwest Florida, N.A. v. Anderson, 488 So.2d 923 (Fla. 2d DCA 1986). Indeed, the third district court of appeal has held that a default, even though signed by the trial judge, must be set aside if a pleading or defensive motion is filed before the default order is filed with the clerk. Humbert v. Ackerman, 541 So.2d 1229 (Fla. 3d DCA 1989); Chester, Blackburn and Roder, Inc. v. Marchese, 383 So.2d 734 (Fla. 3d DCA 1980). Accordingly, since Nants served and filed his responsive pleading before the default was rendered, the default should have been set aside. In light of this, it was error to consider the merits of the responsive pleading in refusing to set aside the erroneously entered default. See Roche v. Commercial Technical Consultants Company, 534 So.2d at 1244; Mohammad v. J.I. Kislak Mortgage Corporation, 534 So.2d 818 (Fla. 3d DCA 1988); Chester, Blackburn and Roder, Inc. v. Marchese, 383 So.2d at 735.
REVERSED.
COBB and GOSHORN, JJ., concur.