GARRETT, Judge.
Appellant seeks review of the trial court's order dismissing his petition to set aside a will.
Lydia M. Snyder, appellant’s mother, died May 16, 1988, and in her will, admitted to probate on June 13, 1988, she named appellant and Ted Armstrong (Armstrong) as beneficiaries. On August 30, 1988, appellant wrote the probate division asking that the will be set aside. On September 13, 1988, appellant’s attorney filed a petition to set aside the will. Both Armstrong and the decedent’s personal representative moved to dismiss the petition. Just before the scheduled motions hearing, the parties agreed to a dismissal after Armstrong’s attorney saw appellant’s proposed amended petition. On November 11, 1988, the trial court entered the agreed order of dismissal which gave appellant ten days to file an amended petition. On December 8, 1988, Armstrong and the personal representative each filed a motion for entry of final judgment because the amended petition had not been filed and the statutory time to contest the will had expired. Also on December 8, 1988, appellant’s attorney filed the amended petition, but he had designated the wrong probate division in the caption. At the motion hearing on December 19, 1988, Armstrong’s attorney knew of appellant’s amended petition filing, but stated that his client had not been served until December 12, 1988. The trial judge entered final judgment and later denied appellant’s motion for rehearing.
We find that the trial judge abused his discretion in dismissing the amended petition. If a defendant files an untimely answer before a default is entered, the entry of the default is avoided. Haitian Community Flamingo Auto Parts Corp. v. Landmark First Nat’l Bank of Fort Lauderdale, 501 So.2d 170 (Fla. 4th DCA 1987). We hold that the same should apply to this case scenario. Appellant filed his untimely amended petition before the hearing on appellee’s motion for entry of final judgment. The filed amended petition should have avoided the entry of the final judgment. Once filed, the amended petition related back to the date of the original pro se petition and came within the statutory time to contest a will. See Laux v. Laux, 543 So.2d 462 (Fla. 2d DCA 1989).
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.
GUNTHER, J., concurs.
GLICKSTEIN, J., concurs specially with opinion.