PER CURIAM.
On December 4, 1989, plaintiff Express Leasing filed a complaint in Volusia County *769 Circuit Court against the defendant, William Williams, alleging breach of contract, fraud and breach of-an implied warranty. The complaint was served on the defendant in Pinellas County on December 15, 1989. On January 12, 1990, the plaintiff moved for a default alleging that the defendant had failed to serve any paper in the cause. A clerk’s default was entered on January 16, 1990. However, a motion to dismiss containing a service date of January 8, 1990 was filed on January 17, 1990.
Thereafter, on January 30, 1990, the defendant moved to set aside the default asserting that he had served a responsive pleading prior to the actual entry of the default. The trial court denied the motion to set aside default. The defendant moved for rehearing which the court denied, explaining:
The complaint in this action was served on the defendant on December 15, 1989. A default was entered by the Clerk on January 16, 1990. The defendant’s motion to dismiss was filed on January 17, 1990. A certificate of service by defense counsel on the motion to dismiss does not alter these dates.
The defendant appeals.
Under Florida Rule of Civil Procedure 1.500(a), when a defendant has failed to file or serve any paper in an action, the plaintiff may have the clerk enter a default against the defendant. Rule 1.500(c), however, provides that a party may plead or otherwise defend at any time before a default is entered.
A default must be set aside where the defendant demonstrates it has served a responsive pleading prior to entry of the default. Roche v. Commercial Technical Consultants Company, 534 So.2d 1243 (Fla. 5th DCA 1988); Maintenance Electric Co. v. Hesson, 493 So.2d 94 (Fla. 4th DCA 1986); See also Nants v. Faria, 553 So.2d 369 (Fla. 5th DCA 1989); Nasrallah v. Smith, 538 So.2d 554 (Fla. 5th DCA 1989).
In this case, the motion to dismiss reflects a service date by mail of January 8, 1990. Under Florida Rule of Civil Procedure 1.080(b), service by mail is considered complete upon mailing, and the certificate of service is prima facie proof of such service. Rule 1.080(f). See Roche; Gavin v. Gavin, 456 So.2d 535 (Fla. 1st DCA 1984). The plaintiff, neither below nor on this appeal, has challenged the service date and the trial court did not find that the date was not true and correct.[1]
The legal principles controlling this case are:
(1) Although served after the time provided by court rule, a pleading or motion responsive to a complaint may be served anytime before a default is entered.
(2) The service of a responsive pleading or motion is deemed complete upon mailing.
(3) A default entered after service (mailing) of a response but before the response is received should be set aside.
On the authority of Roche v. Commercial Technical Consultants, the order denying the motion to set aside the default is
REVERSED AND THE CAUSE IS REMANDED.
W. SHARP, COWART and GRIFFIN, JJ., concur.

. Plaintiff does argue that the defendant has, in attempting to serve plaintiff, mailed various subsequent pleadings and papers to wrong addresses but the remedy for this is not dismissal.