PER CURIAM.
Appellants, Motor Sport Engineering, Inc., and Louis Masciarelli and Arthur Mas-ciarelli, (Masciarellis), appeal adverse default judgments. We reverse.
Appellants and appellee, Car Point, Inc., were unable to resolve a contractual dispute over the purchase of a custom automobile. Appellee sued appellants on several theories, including civil theft.
Appellants filed a motion to dismiss, and sought to be represented by an out-of-state lawyer. The trial court denied appellants’ motion to dismiss, denied the out-of-state lawyer’s request to defend appellants, and ordered appellants to file an answer in fifteen days.
The Masciarellis sent a timely unsigned pro se answer to the court file without serving it on appellee’s attorney. Appellee moved for a default and subsequent default judgment against appellants. The default judgment provided for treble damages and attorney’s fees.
Appellants assert that the trial court abused its discretion in entering a default and a default judgment where appellants filed a pro se answer, manifesting an intent to defend on the merits. Appel-lee contends that the default judgment was properly entered against the corporate appellant because only a duly licensed attorney can appear for a corporation in litigation. Appellee further contends that the default judgment was proper against the Masciarellis because they failed to act upon the motion for default judgment.
*16 The trial court improvidently entered a default and default judgment against the Masciarellis because they timely filed their answer. The entry of a default judgment is improper when the party against whom the default is entered has filed a responsive pleading prior to the motion for default. Mohammad v. J.I. Kislak Mortgage Corp., 534 So.2d 818 (Fla. 3d DCA 1988); Tuthill v. Anthony Dieguez, P.A., 526 So.2d 1045 (Fla. 3d DCA 1988). Although we find the trial court did not err in entering the default against Motor Sport Engineering, Inc., we reverse the default judgment and remand for determination of appropriate damages. Treble damages are not warranted where there is no more than a contractual relationship between the parties. Rosen v. Marlin, 486 So.2d 623 (Fla. 3d DCA), review denied, 494 So.2d 1151 (Fla.1986). Further, we reverse the default and default judgment against the Masciarellis and remand for further proceedings.
Reversed and remanded.