697 So.2d 157 (1996)
In re ESTATE OF Margaret K. PAVLICK, Deceased.
John PAVLICK, Appellant,
v.
George PAVLICK, Appellee.
No. 95-04306.
District Court of Appeal of Florida, Second District.
September 4, 1996.
Rehearing Denied January 28, 1997.
Edmund S. Whitson, Jr., of Whitson & Whitson, P.A., Clearwater, for Appellant.
Anthony Cruz, Jr., of Law Offices of Deanna Birdsong, Tampa, for Appellee.
WHITTEMORE, Associate Judge.
John Pavlick (personal representative) appeals the trial court's denial of his motion to strike and dismiss George Pavlick's (Mr. Pavlick) petition to revoke probate. The personal representative maintains that Mr. Pavlick's petition was untimely filed and barred by section 733.212, Florida Statutes (1993). Because we conclude that the petition related back to Mr. Pavlick's timely filed initial objection, we affirm.
Initially, we hold that the trial court's order is appealable because it constituted a final determination of a party's legal rights. The court's order determined the ability of the personal representative to bar Mr. Pavlick's objection and required the personal representative to defend the petition for revocation. See Sutton v. Stear, 264 So.2d 838 (Fla.1972); Smoak v. Graham, 167 So.2d 559 (Fla.1964); Fla.Prob.R. 5.100.
The personal representative filed his petition for administration of his aunt, Margaret K. Pavlick's, will on November 30, 1993. Before letters of administration were issued, Mr. Pavlick, the decedent's brother, filed his pro se objection challenging the validity of the will on December 13, 1993. The trial court struck Mr. Pavlick's objection but granted him leave to file an appropriate response before November 28, 1994. The personal representative did not challenge that order.
Mr. Pavlick secured an attorney and filed his verified petition to revoke probate on November 23, 1994, within the time frame permitted by the trial court. He refiled this petition on January 25, 1994, and formally served the personal representative on February 6, 1995. The personal representative responded by moving to strike or dismiss Mr. Pavlick's petition to revoke probate, arguing that the petition was untimely filed. The trial court denied that motion, reasoning that because the initial objection was timely filed, Mr. Pavlick's subsequent petition to revoke probate related back to the timely filed objection. We agree.
*158 Section 733.109(1), Florida Statutes (1993), authorizes any interested person to petition for revocation of probate at any time before the discharge of the personal representative as long as the interested person is not barred by either section 733.212 or 733.2123. The personal representative did not file his petition for administration under section 733.2123, and that statute is not applicable to this case. Section 733.212(1)(b) provides that interested persons who receive notice of the administration must file an objection challenging the validity of the will within the later of three months after the date of the first publication of the notice or thirty days after the date of service of a copy on the objecting person. Objections not filed within the specified period are forever barred by section 733.212(5).
Mr. Pavlick complied with the requirements of section 733.212(1)(b) by filing his initial objection before the statutory time limit expired.[1] He filed and served his petition for revocation, however, after the time period set forth in section 733.212(1)(b) expired. We conclude that the petition for revocation related back to the date of the original pro se objection. In re Estate of Snyder, 562 So.2d 403 (Fla. 4th DCA 1990); In re Estate of Filion, 353 So.2d 1180 (Fla. 2d DCA 1977); Fla.R.Civ.P. 1.090. Accordingly, the trial court did not err in denying the personal representative's motion to strike and dismiss Mr. Pavlick's petition to revoke probate.
Affirmed.
FRANK, A.C.J., and BLUE, J., concur.
NOTES
[1] The pro se objection was filed before the statutory period began. The personal representative does not suggest that the early filing impaired his ability to answer Mr. Pavlick's objection.