ON MOTION TO DISMISS

PER CURIAM.
Appellants, the personal representative of the estate and his surety bonding company, appeal an order denying their motions to dismiss appellees’ petitions for surcharge and to remove the personal representative. Appellees, the decedent’s children, are residuary beneficiaries of their father’s estate. According to appellants, these orders are appealable as final orders because they are a final decision on the question of whether willful misconduct must be proved at trial. Because the orders at issue are non-final and non-appeal-able, we dismiss this appeal for lack of jurisdiction.
According to the petitions in this case, the personal representative lost virtually all of the estate assets through inappropriate investments. The beneficiaries sued the personal representative and his bonding company, seeking removal of the personal representative and surcharge against him and the bonding company. Appellants moved to dismiss, relying on a provision of the will which stated that the personal representative would only be liable for willful misconduct. The trial court denied the motions to dismiss and appellants brought this appeal. Appellees moved to dismiss the appeal for lack of jurisdiction.
Florida Probate Rule 5.100 (2008) provides that the appeal of a probate order is governed by the Florida Rules of Appellate Procedure. Florida Rule of Appellate Procedure 9.030 governs our jurisdiction to decide appeals. We have limited jurisdiction to hear appeals from the non-final orders enumerated in Rule 9.130. Appellants concede that the subject order is not an appealable non-final order, but argue that it is a final order of the circuit court over which this court has plenary appellate jurisdiction under Rule 9.030(b)(1)(A).
Florida Rule of Appellate Procedure 9.110 states that it applies not just to orders over which this court has appeals jurisdiction, but also to proceedings that “seek review of orders entered in probate and guardianship matters that finally determine a right or obligation of an interested person as defined in the Florida Probate Code.” Although this rule operates to broaden the scope of “finality” as that concept generally applies in civil matters, “where the rights of the parties as relates to their interest in the estate are not final *781 ly determined, then the orders are not deemed final for purposes of appeal.” In re Estate of Bierman, 587 So.2d 1163, 1166 (Fla. 4th DCA 1991).
We do not believe that Rule 9.110(a)(2) was intended to alter the Florida Supreme Court’s holding in In Re Peterson’s Estate, 73 So.2d 225 (Fla.1954). In that case, the executor moved to dismiss a petition and the motion was denied. The Florida Supreme Court stated that it was “evident” that the order denying the motion to dismiss “was not an order finally determining the rights of either party to the proceeding....” We are bound by this decision. Moreover, we note that we dismissed an appeal from an order denying a motion to dismiss a petition in Somogyi v. Nevai, 920 So.2d 828 (Fla. 4th DCA 2006). The first district ruled similarly in Sanchez v. Masterhan, 837 So.2d 1161 (Fla. 1st DCA 2003). In re Estate of Pavlick, 697 So.2d 157 (Fla. 2d DCA 1996), cited by appellants, is distinguishable and unpersuasive authority in this case.
The denial of the motions to dismiss in this case merely decided that appellees had stated a cause of action. This is not a final determination of appellants’ rights or obligations, even if it implicitly establishes the standard of proof appellants must meet if this case is actually tried. Appellants do not concede that the rulings they appeal necessarily render them liable. Although these orders may not portend well for their ultimate success, they do not finally decide the question of victory or defeat; thus they are not final appealable orders.

Dismissed.

STEVENSON, TAYLOR and MAY, JJ., concur.