EVANDER, J.
Appellants, Leslie and Beverly Thompson (the “Thompsons”), appeal an order denying their motion to cancel sale and motion for relief from default and default judgment. On appeal, the Thompsons argue that the trial court erred in granting Hancock Bank’s (“Hancock”) motion for entry of default against the Thompsons *614 because they had filed their answer and affirmative defenses to the complaint prior to the court’s order of default. The Thompsons assert that because the trial court’s entry of default judgment was predicated upon the improperly granted order of default, the default judgment must be reversed. We agree.
Hancock filed the instant mortgage foreclosure action on August 28, 2012. After receiving an extension of time to respond to the complaint, the Thompsons ultimately filed a motion to dismiss on December 14, 2012. On January 9, 2013, the trial court entered an agreed order denying the motion to dismiss and giving the Thomp-sons thirty days to respond to the complaint.
The Thompsons served their answer and affirmative defenses on February 12, 2013. The following day, Hancock served its motion for default against the Thompsons pursuant to Florida Rule of Civil Procedure 1.500(b).[1] Both the motion for entry of default and the Thompsons’ responsive pleading were filed in the clerk’s office on February 15, 2013. The trial court entered defaults against Leslie and Beverly Thompson on February 21 and 25, 2013, respectively.
On March 15, 2013, Hancock filed its motion for final judgment after default. On the same day, the Thompsons filed their motion to set aside default asserting that because they had already filed their answer and affirmative defenses, it was error for the trial court to have entered defaults against them. In their motion, the Thompsons alleged that the reason their responsive pleadings had been filed a few days late was because of a clerical error. The motion was supported by an affidavit of an employee of their attorney’s office.
On March 20, 2013, the trial court, without a hearing, entered a final judgment of foreclosure. Shortly thereafter, the Thompsons filed their motion to cancel sale/motion for relief from default and default final judgment. After a hearing held on May 7, 2013, the trial court denied the Thompsons’ motion. The trial court concluded that the order of default was appropriate because the Thompsons had violated the court’s order when they failed to file their answer and affirmative defenses within the thirty-day window prescribed by the trial court’s January 9, 2013 order. Additionally, the trial court found that the Thompsons had not demonstrated excusable neglect or due diligence in order to justify setting aside the default. This timely appeal followed.
The erroneous entry of default entitles a party to relief on a motion to set aside default judgment. See Reicheinbach v. Southeast Bank, N.A., 462 So.2d 611, 612 (Fla. 3d DCA 1985); Chester, Blackburn & Roder, Inc. v. Marchese, 383 So.2d 734, 735 n. 3 (Fla. 3d DCA 1980).
Florida Rule of Civil Procedure 1.500(c) provides that a party “may plead or otherwise defend at any time before default is entered.” This court has previously held that a default must be set aside if a responsive pleading has been served prior to the entry of default. See Nants v. Faria, 553 So.2d 369 (Fla. 5th DCA 1989); Nasrallah v. Smith, 538 So.2d 554 (Fla. 5th DCA 1989).
*615 Hancock argues that Nants and Nasrallah are distinguishable because in those cases the defendants’ belated response to a complaint was not in contravention of a court order. However, the application of rule 1.500 precludes the entry of default when a defendant’s answer is served prior to entry of default even where it is not filed within the time granted by the trial court upon the denial of a motion to dismiss. See Haitian Cmty. Flamingo Auto Parts Corp. v. Landmark First Nat’l Bank of Ft. Lauderdale, 501 So.2d 170, 171 (Fla. 4th DCA 1987) (where trial court denied defendant’s motion to dismiss and granted defendant ten .days to file answer, trial court erred in subsequently entering default where answer was filed after the expiration of the ten-day time period but prior to entry of default); see also Ingaglio v. Ennis, 443 So.2d 459, 460 (Fla. 4th DCA 1984); Chester, Blackburn & Roder, Inc., 383 So.2d at 734-35.
We believe that our decision is consistent both with the express language of rule 1.500(c) and with Florida’s well-established preference for lawsuits to be determined on the merits rather than by default judgment. North Shore Hosp., Inc. v. Barber, 143 So.2d 849, 853 (Fla.1962); KFC USA Inc. v. Depew, 879 So.2d 55, 56 (Fla. 5th DCA 2004).
REVERSED and REMANDED for further proceedings.
GRIFFIN and BERGER, JJ., concur.

. Rule 1.500. Defaults and Final Judgments Thereon
(b) By the Court. When a party against whom affirmative relief is sought has failed to plead or otherwise defend as provided by these rules or any applicable statute or any order of court, the court may enter a default against such party; provided that if such party has filed or served any paper in the action, that party shall be served with notice of the application for default.