IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

TOM SANSBURY AND DONNA SANSBURY,

   Appellants,

 v.              Case No.  5D15-1956

WELLS FARGO BANK, N.A.,

   Appellee.

_____/

Opinion filed December 9, 2016

Appeal from the Circuit Court
for Orange County,
Charles M. Holcomb, Judge.

Adam H. Sudbury, of Apellie Legal,
Orlando, for Appellant.

Linda Spaulding White, of Broad and
Cassel, Fort Lauderdale, for Appellee.

PALMER, J.

   Tom and Donna Sansbury (the borrowers) appeal the final foreclosure judgment

entered by the trial court in favor of Wells Fargo Bank (the lender). Because the trial court

erred in entering a judicial default while the borrowers' motion to dismiss the complaint

was pending, we reverse.

   The lender filed an amended complaint against the borrowers seeking to foreclose

on a mortgage. The borrowers filed a motion to extend time for filing a responsive

pleading, and the lender filed a motion seeking the entry of a judicial default. The trial court entered an order granting the borrowers a twenty-day extension of time for filing a response. After the twenty-day extension period expired, the lender filed a second motion for entry of a judicial default. The matter was set for a hearing. On the day of the hearing, at 1:30 in the morning, the borrowers e-filed a "Motion to Dismiss or for Sanctions." The matter proceeded to a hearing that same day, and the trial court entered a judicial default in spite of the pending motion to dismiss, concluding that the entry of a judicial default was warranted because the dismissal motion was filed beyond the date granted to the borrowers on their earlier-filed motion for an extension of time.

The borrowers contend that the judicial default must be reversed because their motion to dismiss was pending at the time that the trial court entered the default. See Fla. R. Civ. P. 1.500(c) (providing that a "party may plead or otherwise defend at any time before default is entered"). We agree.

In Thompson v. Hancock Bank, 158 So. 3d 613 (Fla. 5th DCA 2013), the borrowers appealed a default judgment, arguing that the trial court erred in entering the default order because they had filed an answer and affirmative defenses prior to the entry of the default. The trial court concluded that the entry of a default order was authorized because the borrowers failed to file their answer and affirmative defenses within the thirty-day window prescribed by the court's earlier order. In reversing the default judgment, we explained:

> Florida Rule of Civil Procedure 1.500(c) provides that a party "may plead or otherwise defend at any time before default is entered." This court has previously held that a default must be set aside if a responsive pleading has been served prior to the entry of default. See Nants v. Faria, 553 So. 2d 369 (Fla. 5th DCA 1989); Nasrallah v. Smith, 538 So. 2d 554 (Fla. 5th DCA 1989). Hancock argues that Nants and Nasrallah are distinguishable because in those cases the defendants'

2

> belated response to a complaint was not in contravention of a court order. However, the application of rule 1.500 precludes the entry of default when a defendant's answer is served prior to entry of default even where it is not filed within the time granted by the trial court upon the denial of a motion to dismiss . . . . We believe that our decision is consistent both with the express language of rule 1.500(c) and with Florida's well established preference for lawsuits to be determined on the merits rather than by default judgment.

Id. at 614–15. See also Drake v. Pub. Health Tr. of Dade Cty., 832 So. 2d 172 (Fla. 3d DCA 2002) (ruling that, based on the fact that the appellant filed a response to the complaint prior to the hearing on the plaintiff's motion for default, both the default against the appellant and the default final judgment were improvidently granted); Lenhal Realty Inc. v. Transamerica Commercial Fin. Corp., 611 So. 2d 79 (Fla. 4th DCA 1992) (holding that the entry of default was error where defendants filed a motion to dismiss the complaint before the default had been entered); Carder v. Pelican Cove W. Homeowners Ass'n, Inc., 595 So. 2d 174 (Fla. 5th DCA 1992) (holding that the filing of the motion to dismiss for the failure to state a cause of action precluded any subsequent entry of default).

Accordingly, the trial court erred by entering the judicial default while the borrowers' dismissal motion was pending.

REVERSED and REMANDED.

SAWAYA and COHEN, JJ., concur.

3