# Third District Court of Appeal

## State of Florida

Opinion filed November 18, 2020.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-0941
Lower Tribunal No. 20-7239
_____


**Michael A. Etienne,**
Appellant,

vs.

**Mary Estime Irvin, etc.,**
Appellee.


An appeal from a nonfinal order from the Circuit Court for Miami-Dade County, Abby Cynamon, Judge.

Michael A. Etienne, in proper person.

Law Offices of Jonathan A. Heller, P.A., and Jonathan A. Heller, for appellee.


Before SCALES, LINDSEY, and MILLER, JJ.

MILLER, J.

Appellant, Michael A. Etienne, challenges a nonfinal order granting appellee, Mary Estime Irvin, relief from a default and resulting default final judgment pursuant to Florida Rule of Civil Procedure 1.540. We affirm the order under review and write only to reiterate the well-entrenched adage that a default "is not [a] procedure intended to furnish an advantage to the plaintiff so that a defense may be defeated or a judgment reached without the difficulty that arises from a contest by the defendant." Coggin v. Barfield, 8 So. 2d 9, 11 (Fla. 1942).

Here, despite possessing knowledge Irvin was represented by counsel and intended to defend on the merits, Etienne failed to furnish her with notice of his application for default. This action was unauthorized under a body of clearly developed precedent. See Contreras v. Stambul, LLC, 45 Fla. L. Weekly D2032 (Fla. 3d DCA Aug. 26, 2020); U.S. Bank Nat'l Ass'n v. Lloyd, 981 So. 2d 633, 640 (Fla. 2d DCA 2008); Apple Premium Fin. Serv. Co. v. Teachers Ins. & Annuity Ass'n of Am., 727 So. 2d 1089, 1090 (Fla. 3d DCA 1999). Further compounding the procedural error, a timely-served motion to dismiss remained pending at the time Etienne sought and obtained the default final judgment. See Fla. R. Civ. P. 1.500(c) ("A party may plead or otherwise defend at any time before default is entered."); Sansbury v. Wells Fargo Bank, N.A., 204 So. 3d 985, 986-87 (Fla. 5th DCA 2016).

Accordingly, the ruling below was eminently correct, and we affirm in all respects.  See <u>DND Mail Corp. v. Andgen Props., LLC</u>, 28 So. 3d 111, 113 (Fla. 4th DCA 2010).

Affirmed.