281 So.2d 897 (1973)
Julius James BROWN, Petitioner,
v.
GIFFEN INDUSTRIES, INC., et al., Respondents.
No. 42736.
Supreme Court of Florida.
March 7, 1973.
Rehearing Denied July 25, 1973.
Donald Feldman of Feldman & Abramson, Miami, for petitioner.
Blackwell, Walker & Gray, Miami, and Kenneth H. Hart, Jr., Tallahassee, Industrial Relations Commission, for respondents.
ADKINS, Justice.
We have for review by petition for writ of certiorari, an order of the Industrial Relations Commission reversing an order of the Judge of Industrial Claims.
The sole issue which is before this Court for review is whether or not a check issued to replace a lost or misplaced compensation check can act to toll the statute of limitations for modification of orders pursuant to Fla. Stat. § 440.28, F.S.A. The pertinent portions of the statute allow the Industrial Relations Commission to consider a modification of an order based on a change of condition or mistake of fact,
"[A]t any time prior to two years after the date of the last payment of compensation pursuant to any compensation order."
In the case sub judice, the petitioner-claimant, Julius James Brown, was awarded compensation in October, 1962, and compensation payments pursuant to the order were mailed to Brown. However, two checks, issued the same day in October, 1962, were never cashed and Brown requested that the checks be reissued in March, 1965. A formal claim demanding payment was filed in March, 1966, and the check was finally issued in May, 1966, representing the amount orginally paid by the two checks issued in 1962. The present petition for modification was filed in April, *898 1968, and the Judge of Industrial Claims granted modification. The Industrial Relations Commission reversed the Judge of Industrial Claims, saying:
"The claim is before us upon an application to review an Order modifying a former Order finding that the claimant is entitled to additional compensation for permanent partial disability. Without the reissuance of the lost check, the Statute of Limitations would have barred any further consideration of the claim.
"In Miller v. Brewer Co., 122 So.2d 565 (Fla. 1960), a claim for further medical care was held barred by the Statute of Limitations. The injury was in 1952, the last payment of compensation was in 1953, however, in 1957 the employer/carrier voluntarily complied with a request for additional medical care. The Court held that voluntarily furnishing medical care in 1957 after the Statute of Limitations had run did not revive the claimant's right to further medical care and treatment. In Jones v. Ludman Corp., 190 So.2d 760 (Fla. 1966), a claim for compensation was made more than two years following the last payment of compensation pursuant to an award, the Court held the claim barred by the limitations period specified in Section 440.28, Florida Statutes. In Hodges v. State Road Department, 171 So.2d 523 (Fla. 1965), the Court held that payment of Workmen's Compensation benefits on a voluntary basis after the Statute of Limitations had run was a mere gratuity and did not waive the Statute of Limitations.
"The Supreme Court of this State has interpreted, as outlined above, Chapter 440.28 on the Statute of Limitations regarding further claims under the Workmen's Compensation Law. We are compelled to reverse the Judge of Industrial Claims, ..."
The situation where a claimant seeks to toll the limitations period due to a failure of one of the compensation checks to be cashed is one of first impression in the State. In a situation where the claimant received a compensation check, but rejected it, Larson's Workman's Compensation, § 81.20, Reopening Awards, Vol. III, p. 322, says:
"It might seem self-evident that the time of payment under these statutes would be the time the payment was in fact made, or at least received, and not the time it was accepted."
A similar position was taken by the Supreme Court of West Virginia in Stroupe v. Workmen's Compensation Commissioner, 151 W. Va. 415, 152 S.E.2d 544 (1967), which held:
"[T]he date the check was received by the claimant should be regarded as the date of the last payment." (p. 547)
However, the Supreme Court of Kansas reached an opposite result when it held that a final payment which is not accepted is equivalent to not being made. Meredith v. Shawver Graham, Inc., 171 Kan. 513, 233 P.2d 750 (1951). Under our holding in Sargent v. Evening Independent, 62 So.2d 58 (Fla. 1953), the fact that a compensation check may be held by the claimant for a period of time after delivery will not act to toll the limitations period.
To allow a claimant to lose or misplace a check and then, after a period of almost two and one-half years, revive a limitations period which had already run by demanding that the last check be reissued would be contrary to the position taken by this Court in Sargent. There was no showing in the case sub judice that the loss of the checks originally was the fault of the employer/carrier. The only evidence was that the two checks were not cashed. Whether the delivery was faulty or whether the checks were delivered and then lost or misplaced by Brown was not established. But, in either event, to allow Brown to wait over two years after the first payment to demand reissuance of the checks, another year to file a claim on the missing checks, *899 and another 23 months to file a petition for modification would be to make a mockery of any attempt by the Legislature to effect a two-year limitations period.
As was determined by this Court in Dean v. McLeod, Fla., 270 So.2d 726, filed November 22, 1972, it is not the province of this Court to redefine the terms of Fla. Stat. § 440.28, F.S.A., so as to, in effect, repeal the statute of limitations in the section.
Accordingly, the petition for writ of certiorari is denied.
It is so ordered.
ROBERTS, Acting C.J., BOYD, McCAIN and DEKLE, JJ., and DREW, J. (Retired), concur.
ERVIN, J., dissents with opinion.
ERVIN, Justice (dissenting):
I cannot agree to the majority view which permits employer-carrier contrary to the Judge of Industrial Claims' findings to gain the benefit of its failure to see to it that claimant was timely paid the compensation benefits due him. No showing appears in the record that claimant was responsible in any way for failing to timely receive the original checks  or for that matter that these checks ever came into his hands. On the contrary, no explanation is presented in the record by employer-carrier as to why it did not within the statute of limitations period see to it that claimant received the compensation benefits due him.
Surely employer-carrier must have had notice long before the two-year statutory period ran that its checks had not been received and cashed by claimant. The majority accepts the unilateral self-serving declaration of employer-carrier that the mere issuance of its original checks is the equivalent of compensation benefit payments to claimant within the statutory period of limitations despite the fact the checks were never received and cashed by claimant.
The burden of failure of employer-carrier to make payment within the statutory period is placed by the majority on claimant when the applicable statutory provision places it on employer-carrier. F.S., Section 440.20, F.S.A. provides that compensation shall be paid by employer periodically, promptly in the usual manner and directly to the person entitled thereto; that employer shall notify the Workmen's Compensation Division in accordance with a form prescribed by the Division that payment of compensation has begun; that if any payment is not paid within 20 days after it becomes due, a penalty of 20 per cent shall be added; and that within 30 days after final payment has been made, the employer shall send the Workmen's Compensation Division a notice that such payment had been paid, including the total paid, the name of the employee, and the date to which compensation has been paid. These statutory provisions place the burden of making timely compensation payments without fail on employer.
In order to be effective to discharge an obligation, a payment must be made to the obligee himself or to his authorized agent. See Hendry v. Benlisa, 37 Fla. 609, 20 So. 800, 34 L.R.A. 283, and Carberry v. Foley, Fla., 213 So.2d 873.

ON REHEARING
ADKINS, Justice.
Upon consideration of the petition for rehearing filed by petitioner, we have determined that one point in our decision warrants further explanation.
The issue raised by petitioner is whether or not the decision of this Court improperly presumes that the two checks in issue were mailed by the respondent, Liberty Mutual Insurance Company.
Admittedly, there is no evidence as to the actual act of mailing or to the receipt *900 of the letters in 1962. To expect such evidence would be totally unreasonable. No secretary can remember the simple act of mailing one particular letter  which was, in no way, unique  five years after the act of mailing was completed.
Recognizing that a requirement of proof on such an issue would place an impossible burden on any business, a general presumption has arisen in the courts that the ordinary course of business or conduct was followed in a particular case absent a contrary showing. 31A C.J.S. Evidence § 139. It follows, by another equally broad presumption, that mail properly addressed, stamped, and mailed was received by the addressee (31A C.J.S. Evidence § 136a), and proof of general office practice satisfies the requirement of showing due mailing. 31A C.J.S. Evidence § 136c(1).
The general office procedure of Liberty Mutual with respect to compensation checks  a procedure replete with checks and cross-checks  was carefully outlined by a company official who opined:
"[I]t would seem totally unbelievable that those checks were not mailed out."
We agree, and hold that reliance on the presumption of mailing on the basis of normal office procedure was reasonable and proper, in light of the total lack of contrary evidence by petitioner.
The petition for rehearing is denied, and the decision of this Court, as explained herein, is ratified and reaffirmed.
It is so ordered.
ROBERTS, Acting C.J., BOYD, McCAIN and DEKLE, JJ., and DREW, (Retired) J., concur.
ERVIN, J., dissents with opinion.
ERVIN, Justice (dissenting on rehearing).
The opinion of the majority on rehearing further substantiates the petitioner's contention that the employer-carrier's burden of seeing that a claimant is timely paid his compensation benefits as required by, F.S., Section 440.20, F.S.A., is transferred by the Industrial Relations Commission and the Court majority to claimant who, by this transference is made to suffer the bar of the two-year statute.
The majority on rehearing admits there is a lack of any evidence or affirmative showing on the employer-carrier's part that it actually paid claimant the compensation, but excuses the employer-carrier because the majority believes it would be an intolerable burden on any business to have to make such a showing and especially so if it is a "big business" issuing many checks. Under this view, a concern's status of great business magnitude exempts it from the petty details in an administrative proceeding of affirmatively showing it has paid a debt. On the other hand, the concern's individual creditor shoulders such burden.
Thus it appears a claimant, who admittedly was never paid the compensation, has the presumptions and burdens that he was paid by the employer-carrier resolved against him, although Section, F.S., 440.20 F.S.A. places all of the burden on the employer-carrier to see that a workmen compensation claimant is timely paid. This Court majority simply equates the claimed mailing of the checks by employer's carrier as resulting in a conclusive presumption that claimant was in fact paid, despite a J.I.C.'s contrary finding.