PER CURIAM.
We reject as without merit any claim by Cruz that the trial court committed reversible error during the course of the trial upon a holding that there was overwhelming evidence to support the conviction.
*827 At the time of the sentencing the trial court imposed a 120-year sentence on Count I and erroneously (a) imposed a concurrent (sic) 120-year sentence on Count II, and (b) retained jurisdiction for one-third of 240 years, for a total of eighty years.
Upon being advised that the sentence on Count II was unlawful and that under the statute the retention order was incorrect, the trial court vacated the sentences previously imposed, imposed lawful sentences to run consecutively and retained jurisdiction for one-half of the total sentence of 125 years.[1] The state concedes a clerical error was made and that the retention of jurisdiction order should be corrected to be sixty-two and one-half years instead of sixty-seven and one-half years.
It is clear from the record that the trial court’s intention was to impose a maximum sentence for the crimes involved and the court, consistent with its sentencing plan, properly corrected its sentence to be a legal sentence and has committed no sentencing error. See Goree v. State, 411 So.2d 1352 (Fla. 3d DCA 1982).
Affirmed as modified.

. Under the applicable law at the time the case was heard retention of jurisdiction applied to one-half of the total consecutive sentence. § 947.16(3), Fla.Stat. (1982). Presently the law again calls for retention of jurisdiction over one-third of the total consecutive sentence. § 947.16(3), Fla.Stat. (1983).