666 So.2d 1042 (1996)
Linda CAMEROTA, Appellant,
v.
Arthur KAUFMAN and Data Technical Services, Inc., Appellees.
No. 95-0977.
District Court of Appeal of Florida, Fourth District.
January 31, 1996.
*1043 Michael E. Molinaro of Law Offices of Michael E. Molinaro, Hallandale, for appellant.
Kenneth J. Schwartz, Miami, for appellees.
PARIENTE, Judge.
Appellant, defendant Linda A. Camerota (Camerota), appeals from an order denying her verified motion to vacate the default judgment entered in favor of plaintiff Arthur Kaufman (Kaufman). Because we find that Camerota's affidavits were sufficient to create an issue of fact on the question of notice, we reverse and remand this matter to the trial court for an evidentiary hearing.
This action stems from a brief sexual relationship between Camerota and Kaufman. Not surprisingly, each party's version of the facts vary significantly. According to Camerota, shortly after the relationship began, Kaufman extorted money from her by threatening to inform her husband of his wife's infidelity. She claims to have paid Kaufman $15,000 by checks made payable to his company, D.T.S., and an additional $4,000 upon which she stopped payment. On May 15, 1994, Camerota brought an action in New York against Kaufman seeking to enjoin him from continuing to harass her. Camerota also brought an action for intentional infliction of emotional distress and return of monies allegedly extorted from her.
Three days later, Kaufman began this litigation in Palm Beach County seeking damages from Camerota on grounds that she had given him a sexually-transmitted disease. Camerota, through counsel, moved to dismiss or strike Kaufman's pleadings as a sham. He subsequently amended the complaint in June 1994 to add a statutory count relating to the $4,000 check which had been dishonored because Camerota had stopped payment on it. Camerota, through counsel, again filed a motion to dismiss Kaufman's complaint, arguing: 1) failure to state a cause of action relating to his claim of transmission of a sexually-transmitted disease; 2) failure to state a cause of action regarding the $4,000 check as it was an attempt to profit by extortion; and 3) that her New York action, filed prior to Kaufman's complaint, was dispositive as to his claim for payment, and thus, the Florida action should be dismissed.
In September 1994, the trial court dismissed Kaufman's amended complaint with 20 days leave to file a second amended complaint. At that time the trial court also granted Kaufman's motion to compel answers to interrogatories and production of documents. However, shortly after the entry of both orders, Camerota's attorney was permitted to withdraw on grounds that she had not paid his fee. According to the order granting the attorney's motion to withdraw, all pleadings were to be sent to Camerota at her Pennsylvania address. The order further *1044 mandated that all parties appear at a status check on November 9, 1994:
Should the party whose lawyer has been allowed to withdraw fail to be present in person or by counsel, all pleadings filed by said party may be stricken, and any claim for affirmative relief made by said party will be dismissed, and if claims are made against said party, a default judgment will be entered against said party.
On October 25, 1994, twenty-six days after the entry of the order of dismissal, Kaufman filed his second amended complaint, which specifically alleged that he "became afflicted with a throat disorder which, upon information and belief, may only be transmitted by sexual intercourse." He also included three counts relating to the $4,000 check which he claimed represented payment for postage charges on materials allegedly requested by Camerota. Camerota, who was unrepresented at the time, did not answer the second amended complaint and did not appear at the November 9, 1994 status check. The court entered the following order:
Plaintiff shall dismiss Counts I & II of the underlying amended complaint herein [relating to the sexually-transmitted disease], and the Court shall enter a default against the Defendant as to the remaining portions of the amended complaint herein; i.e., counts III, IV, & V [relating to the $4,000 check].
Following a motion for entry of final default judgment filed by Kaufman, the trial court entered a final default judgment on December 2, 1994 for $22,693.12, which included statutory treble damages and significant attorney's fees pursuant to section 68.065, Florida Statutes (1993), governing actions to collect on dishonored checks.
On February 8, 1995, Camerota, by new counsel, filed a verified motion to vacate the default judgment in which she indicated that she first learned of the default judgment in January, 1995 when she received a copy of a Notice of Sheriff's Sale on real property she owned in Florida. Attached to her motion to vacate were two affidavits, one signed by Camerota and the other signed by her brother.
According to her affidavit, Camerota maintains that she had paid her former attorney for all legal services, and that she had never received copies of his motion to withdraw, the order granting the petition, or any subsequent pleadings filed by Kaufman's attorney. Camerota's brother stated that he was responsible for collecting and sorting mail sent to Camerota's Pennsylvania address and that he received no copies of orders from the court, or other pleadings, including the motion to withdraw and the second amended complaint. Although Kaufman filed no affidavit to refute Camerota's contention nor was there any evidence taken on this issue during the hearing on the motion to vacate, the trial court denied the motion.
The order granting the default does not set forth the basis; however, the subsequent motion for default judgment indicates that the default was based on "failure to respond to requests for discovery, as well as for failing to answer the complaint." If the default was based on noncompliance with discovery pursuant to Florida Rule of Civil Procedure 1.380(2)(C), the order is defective because there is no finding of a willful and deliberate disregard of the trial court's prior orders. See Tubero v. Chapnich, 552 So.2d 932 (Fla. 4th DCA 1989), approved, Commonwealth Fed. Sav. & Loan Ass'n v. Tubero, 569 So.2d 1271 (Fla. 1990). If the court was exercising its authority under rule 1.200(c) because Camerota did not appear at the status conference as ordered by the court, a finding that the party's conduct was willful and contumacious is also necessary. See Zeigler v. Huston, 626 So.2d 1046, 1047 (Fla. 4th DCA 1993). No such finding appears in the record. If the court based its entry of a default on rule 1.500(b), the rules required that Camerota be served with notice of application for default because she had already appeared in the action. The record, however, does not include such a pleading.
In this case, Camerota entered an appearance through her attorney. She swore under oath that she did not receive any pleadings after her attorney advised her that the amended complaint had been dismissed. Thus, the unrebutted affidavits establish that she never received the second amended complaint nor the order setting the status conference.
*1045 Here, the trial court denied the motion to vacate on grounds that Camerota failed to demonstrate excusable neglect pursuant to rule 1.540(b).[1] Whether the default was entered pursuant to rule 1.200(c), 1.380(2)(C) or 1.500(b) "it is fundamental that in order to properly enter a default after a party has appeared, notice of the intention to enter a default must be served on the party." Zeigler, 626 So.2d at 1048.
Certificates of service appear on all relevant pleadings sent to the Pennsylvania address listed in the order granting the motion to withdraw. When documents are mailed to an addressee, there is a presumption of receipt. In Allstate Insurance Co. v. Eckert, 472 So.2d 807, 809 (Fla. 4th DCA 1985), this court explained:
The rule is that, when something is mailed by a business, it is presumed that the ordinary course of business was followed in mailing it and that the mail was received by the addressee. Brown v. Giffen Industries, Inc., 281 So.2d 897 (Fla. 1973). To expect evidence as to the individual, actual act of mailing or as to receipt of the mailed item would be "totally unreasonable." Id. at 900.
It is thus presumed that the pleadings and orders mailed to Camerota at her Pennsylvania address, which included the motion to withdraw, the order granting that motion and Kaufman's second amended complaint, were received by her. This presumption, however, is not irrebuttable. While a sworn affidavit stating that the filing was not received will not automatically overcome the presumption, such an affidavit will create an issue of fact which must be resolved by the trial court. As explained by the first district in Abrams v. Paul, 453 So.2d 826, 829 (Fla. 1st DCA 1984), where a party seeking to vacate a default judgment has filed supporting affidavits stating that notice had not been received:
The issue is therefore a factual one requiring the trial court to weigh the evidence and make a determination as to whether the notice was received.... Since the record reflects no evidentiary hearing on the issue, and the quoted language from the order, supra, indicates that the trial court's determination was based upon the incorrect premise that the presumption of receipt established by the certificate of service could not, as a matter of law, be overcome by the defendant's sworn statements, we reverse the order of denial and remand the cause to the trial court for determination of the essential fact.
Because Camerota's supporting affidavits are sufficient to create an issue of fact as to the receipt of notice, the trial court was obligated to make its determination only after an evidentiary hearing. Upon remand, the trial court should also make a determination as to the procedural basis for the entry of the default and whether proper procedures pursuant to the Florida Rules of Civil Procedure were followed prior to the entry of the default judgment. We therefore, reverse and remand for proceedings consistent with this opinion.
GUNTHER, C.J., and WARNER, J., concur.
NOTES
[1] If the default was entered pursuant to Florida Rule of Civil Procedure 1.500(b), then before setting it aside, the trial court must determine that the party demonstrated excusable neglect, that the party demonstrated due diligence upon learning of the default, and that the party had a meritorious defense. Gibraltar Serv. Corp. v. Lone & Assocs., 488 So.2d 582, 584 (Fla. 4th DCA 1989). However, this standard of review is not equally applicable to default entered as a sanction or for failure to appear at a status conference. See Zeigler v. Huston, 626 So.2d 1046, 1047 (Fla. 4th DCA 1993).