PATTERSON, Judge.
In this appeal from a nonfinal order determining liability, the Carraways challenge the entry of a default judgment against them. We reverse.
On December 23, 1994, the Commons sued the Carraways in a multi-count complaint seeking recovery on a promissory note and damages for a fraudulent transfer. The Carraways, through counsel, filed an answer and affirmative defenses. On August 14, 1995, the Carraways’ counsel moved to withdraw. On October 9, 1995, the trial court granted the motion and included in the order that “the Carraways shall have 20 days from the date of this order to obtain counsel.”
On November 3, 1995, counsel for the Commons forwarded to the trial judge a proposed order granting a default judgment on the grounds that the court file did not reflect that the Carraways had obtained new counsel or filed any pleadings. There was no motion for entry of a default judgment or any notice given to the Carraways as required by Florida Rule of Civil Procedure 1.500(b). The trial court entered the proposed order. At the time the trial court entered the default, the case was at issue and the Carraways were not required to file any further pleadings. No attempt was made to strike their answer for noncompliance with a court order, nor was there any basis to do so. Individuals are not required to be represented by counsel. The entry of default judgment was clear error and the order of the trial court is reversed. See Camerota v. Kaufman, 666 So.2d 1042 (Fla. 4th DCA 1996).
Reversed and remanded for further proceedings.
DANAHY, A.C.J., and CAMPBELL, J., concur.