742 So.2d 445 (1999)
Cyril RICHARDSON, Appellant,
v.
DEPARTMENT OF REVENUE on behalf of Wilma MOORE, Appellee.
No. 99-558.
District Court of Appeal of Florida, Fourth District.
September 17, 1999.
Cyril Richardson, Arcadia, pro se.
Sharon C. Greenberg and Diane H. Tutt of Diane H. Tutt, P.A., Plantation, for appellee.
PER CURIAM.
Appellant filed a petition for writ of certiorari, which this court has redesignated as a non-final appeal, challenging an order denying his motion to vacate a paternity judgment because he failed to attend the hearing on his motion. We find that his sworn pleadings raised an issue of fact on the question of whether he received notice of the hearing and remand this matter to the trial court for an evidentiary hearing.
Appellant allegedly did not learn of the paternity judgment until late in 1997, when his 1996 income tax refund was diverted to pay a child support arrearage under the judgment. On June 16, 1998, while incarcerated in Desoto Correctional Institution Work Camp, appellant filed a motion in *446 circuit court to vacate the paternity judgment and have the tax refund reimbursed to him. The matter was referred to the case management office of the family division on June 22, 1998, which set a hearing on the motion before a domestic relations commissioner for August 5, 1998. The notice of hearing reflected that it was furnished by mail on June 5, 1998a date that could not possibly be correctto the parties, including appellant at Desoto Correctional Institution. Because appellant was incarcerated, the notice specifically provided that he could appear telephonically and instructed him to have a notary public available and to call a specific number at the time of the hearing. Appellant claims he never received this notice and, in fact, filed with the trial court two notices of inquiry concerning his motion, on July 18 and August 26.
Appellant claims he first learned of the hearing on September 14, 1998, when he received the report of the commissioner recommending denial of his motion because of a finding that his nonappearance at the August 5 hearing should be construed as abandonment of the motion. The language of the report indicated that the case manager had scheduled the hearing on July 5, which apparently led appellant to believe that July 5 was the date of the hearing. Appellant promptly filed, on September 15, a sworn response to the report, clearly stating that he never received a notice of hearing on his motion, nor did Desoto Correctional Institution have records showing that he received legal mail from the court or the other parties during the applicable time period. He further indicated that no telephonic hearing would be permitted at a Florida correctional facility without a court order to the classification specialist in charge of the inmate. He asked, then and in subsequent filings, for a hearing on his motion.
Despite his response, and without making any reference to it, the trial court denied appellant's motion in an order dated January 12, 1999, adopting the commissioner's report. Appellant moved for rehearing, reiterating that he never received the notice of hearing and that, even if he had, he could not have set up a telephonic hearing; the court, commissioner or DOR needed to do so. Shortly thereafter, he supplemented his motion with exhibits showing legal mail he received between June 22, 1998, and July 5, 1998the date appellant still believed the hearing was held.
The trial court denied appellant's motion for rehearing in an order which provided that "[a] review of the Court file indicates that a notice of hearing for Respondent's [Appellant's] motion was sent on July 22, 1998 to Respondent, scheduling this matter for August 5, 1998." Appellant responded to this order, pointing out that the court's conclusion that notice of hearing was sent on July 22 was contradicted by the commissioner/general master's report. Appellant attempted to secure a copy of the legal mail log for the entire months of July and August 1998, but his request was denied by the correctional official.
Appellee, citing Brown v. Giffen Industries, Inc., 281 So.2d 897 (Fla.1973), and Camerota v. Kaufman, 666 So.2d 1042 (Fla. 4th DCA 1996), contends that the trial court's finding that appellant had been served notice was supported by the evidence in the record, noting that a rebuttable presumption of receipt arises from proof of mailing and that, although appellant's claim of non-receipt raised a fact issue, the trial court considered appellant's evidence and resolved the issue against him. However, in Brown, the supreme court found that reliance on the presumption was reasonable in light of the total lack of contrary evidence. See 281 So.2d at 900 (on rehearing). Likewise, in Camerota, this court recognized that the purported recipient's sworn affidavit of nonreceipt created a fact issue that had to be resolved by the trial court after an evidentiary hearing. See 666 So.2d at 1045.
In W.T. Holding, Inc. v. State Agency for Health Care Administration, 682 So.2d *447 1224 (Fla. 4th DCA 1996), also cited by appellee, this court found that it was error for the hearing officer to deny the appellant the opportunity to prove it had no notice of issuance of the final order the appellant sought to vacate, and reversed with instructions that the appellee conduct an evidentiary hearing on the issue of whether the appellant had received a copy of the final order or notice of its entry. See id. at 1225-26.
Because appellant's sworn response to the commissioner's report and his sworn motion for rehearing sufficiently raised an issue of fact as to whether he received notice of the August 5 hearing, the trial court was obligated to resolve the issue only after an evidentiary hearing. Therefore, the order denying appellant's motion is reversed, and the case is remanded to the trial court with instructions to afford an evidentiary hearing on the issue. If appellant is to appear telephonically, the institution is to be contacted, in advance, regarding the proper procedures. Before such hearing, the trial court should issue such orders as are necessary to enable appellant to obtain a copy of his institution's legal mail log for the appropriate time period.
REVERSED and REMANDED.
WARNER, C.J., STONE and STEVENSON, JJ., concur.