DELL, JOHN W., Senior Judge.
Thomas R. Torrey (“appellant”) seeks review of two circuit court orders: (i) an Order granting the Former Wife’s Motion for Contempt and Directing that an Order of Commitment Issue and (ii) an order denying the Appellant’s Motion To Vacate those orders. We reverse and remand for further proceedings.
The parties were divorced in 1990. Their marital settlement agreement required appellant to pay $190.00 in monthly child support. He became delinquent in his support obligation and in 1995 the circuit court issued a Final Judgment in the amount of $10,861.14 for the arrearages. *774 The Former Wife (appellee) sought to collect and garnish appellant’s wages. He left the state in 1997. When he returned to Florida, he did not notify the court of his employment status or residential address.
On April 4, 2001, appellee now residing in Georgia, filed an affidavit and Motion for Contempt seeking court costs based upon appellant’s failure to pay the outstanding arrearages in child support. She alleged that as of June 15, 2000, he owed some $24,478.82 in child support. The matter was referred to the Domestic Relations Commissioner, who issued a Notice of Hearing on the contempt motion for May 15, 2001. On April 30, 2001, the Clerk of the Circuit Court sent a copy of the notice to appellant by certified mail. The postal service returned it as nondeliv-erable.
Only appellee appeared for the May 15th hearing. At the hearing, she advised the Commissioner that the address she had provided to the sheriffs office for service on appellant was incorrect.[1] The Commissioner then rescheduled the hearing for July 3, 2001 and sent a memo to the Clerk of the court requesting that appellant be served at his correct address, 803 Congressional Way, Deerfield Beach. The trial court found that the Clerk mailed the notice to appellant at his correct address. The Sheriffs Office, however, mis-delivered the Order Setting Hearing to 809 Congressional Way.
Appellant did not appear at the July 3rd hearing. Appellee testified at the hearing that she knew appellant lived at 803 Congressional Way because her daughter had recently visited him there and had received correspondence from him at that address. She told the Commissioner that appellant worked in the food and beverage industry as a waiter and manager for years but that to the best of her knowledge appellant had not worked since December 2000. The Commissioner also concluded from appellant’s testimony that appellant had received approximately $110,000, perhaps more, from his share of the sales proceeds resulting from the sale of his mother’s home. The Commissioner proceeded with the hearing, made findings and recommended the trial court find appellant in contempt and order his commitment based upon his failure to appear at the hearing.
On July 9, 2001, the trial court ratified and approved the Commissioner’s findings of Fact, Conclusions of Law and Recommendations, and entered the Commissioner’s recommended order. The trial court stated in its order that after reviewing the file, it found that a copy of the order setting the July 3rd hearing was mailed to appellant on May 17, 2001, and that, unlike the first notice mailed by the clerk, the postal service did not return the notice. The court also noted that the file contains a May 16th memo from the Commissioner to the Clerk of the Circuit Court requesting the Order Setting Hearing be served on appellant at 803 Congressional Way. The trial court also determined in its order that appellant had the “ability to comply with the previous judgments and orders of the court but willfully refused to do so and failed to present a valid cause for his delinquency.” The trial court then adjudicated appellant in contempt and ordered him taken into custody until he purged himself by paying $17,861.04 and the sum of $42.00 to reimburse appellee for her service of process costs.
On July 19, 2001, appellant moved to vacate the court’s orders. He filed an *775 affidavit with his motion to vacate. In the affidavit, he denied receiving any notice of the contempt hearing and also denied that he had the ability to pay the purge amount. The court summarily denied appellant’s motion to vacate.
Appellant raises three points in this appeal. First, he contends the Commissioner denied him due process when he conducted the July 3rd hearing in his absence because he was not provided with notice and an opportunity to be heard. We disagree. On May 16, 2001, the Commissioner directed the Clerk of the Circuit Court to send a copy of the order rescheduling the hearing to appellant. The trial court found, after reviewing the record, that the order was mailed on May 17th to appellant at his correct address at 803 Congressional Way.
In Camerota v. Kaufman, 666 So.2d 1042 (Fla. 4th DCA 1996), this court discussed the presumption of receipt.
When documents are mailed to an addressee, there is a presumption of receipt. In Allstate Insurance Co. v. Eckert, 472 So.2d 807, 809 (Fla. 4th DCA 1985), this court explained:
The rule is that, when something is mailed by a business, it is presumed that the ordinary course of business was followed in mailing it and that the mail was received by the addressee. Brown v. Giffen Industries, Inc., 281 So.2d 897 (Fla.1973). To expect evidence as to the individual, actual act of mailing or as to receipt of the mailed item would be “totally unreasonable.” Id. at 900.
Id. at 1045.
Here, when the Commissioner made her Findings of Fact, Conclusions of Law and Recommendations to the trial court, there was no evidence before her to refute the presumption that appellant had received the order setting the hearing. Nor does the record contain evidence refuting the presumption of receipt at the time the trial court received, reviewed, approved, and ratified the Commissioner’s findings, conclusions, and recommendations. Therefore, we hold that neither the Commissioner nor the trial court erred by going forward with the contempt proceedings because a presumption existed that appellant had received the order setting the July 3rd hearing.
We do, however, agree with appellant’s next argument that the trial court committed reversible error when it summarily denied his Motion to Vacate without a hearing to determine whether appellant had received the court’s order scheduling the hearing. Based upon its review of the file, the trial court found in its July 9, 2001 order that a copy of the Order Setting Hearing was mailed by the Clerk to appellant at his 803 Congressional Way address and concluded that due process requirements of notice and opportunity to be heard were observed because the May 15th Order Setting Hearing was mailed two days thereafter and not returned by the postal service unlike the first Order Setting Hearing.
In Camerota, this court also stated that:
this presumption [of receipt], however, is not irrebuttable. While a sworn affidavit stating that the filing was not received will not automatically overcome the presumption, such an affidavit will create an issue of fact which must be resolved by the trial court.
Id. at 1045. In his affidavit, appellant denied receipt of the order setting the hearing and thereby created an issue of fact which the trial court failed to resolve in its July 25th order summarily denying his motion to vacate. The issue is a factual one and requires the trial court to weigh the evidence and make a determination as *776 to whether appellant received the notice. Camerota; Abrams v. Paul, 458 So.2d 826, 829 (Fla. 1st DCA 1984).
Finally, appellant contends the trial court did not make the necessary factual findings to support its orders. He argues that the trial court erred when it summarily concluded that he had the ability to pay his support arrearages. He claims the trial court should not have found him in contempt absent a finding that he had the present ability to pay his support obligations. He also argues that the trial court erred when it denied his motion to vacate the order of commitment because the trial court failed to make a separate, affirmative finding that he had the present ability to comply with the purge conditions set forth in the contempt order. Appellant has not provided the Findings of Fact, Conclusions of Law and Recommendations of the Commissioner. However, we have reviewed the transcript of the hearing before the Commissioner and we conclude that the record does not contain evidence that would establish appellant’s present ability to pay the purge amount or to comply with the purge conditions. Therefore, we hold that the trial court erred when it summarily denied appellant’s motion to vacate the order of commitment. See Picurro v. Picurro, 734 So.2d 527 (Fla. 4th DCA 1999).
Accordingly, we reverse and remand this cause for an evidentiary hearing on appellant’s motion to vacate the order finding him in contempt and the order of commitment. On remand, the trial court shall first determine whether the constitutional due process requirements of notice and the opportunity to be heard were met. In the event it determines that appellant did not have notice of the hearing, it shall vacate the order of contempt and the order of commitment and order a new evidentia-ry hearing on appellee’s motion for contempt. In the event the trial court determines that appellant had notice of the July 3, 2001 hearing but failed to appear through his own fault, it shall, nevertheless, conduct a hearing to determine whether the appellant has the present ability to pay the purge amount set forth in the order of commitment.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
GUNTHER and STONE, JJ., concur.

. The notice was misdelivered by the Sheriff’s Office to 809 Congressional Way, Deerfield Beach. Appellant resided at 803 Congressional Way in Deerfield Beach.