RAMIREZ, J.
Jorge Artime appeals the dismissal of his cause of action for lack of prosecution. Because we conclude that the operative event is the filing of the motion to dismiss for lack of prosecution, we reverse the trial court’s dismissal.
In 1989, attorney Marc C. Brotman filed a lawsuit on Artime’s behalf against Bruce Lamberto and others, and obtained a jury verdict for $32,000 with interest. The trial court entered final judgment on April 24, 1995 in Artime’s favor against Lamberto. This Court reversed, holding that Artime had failed to demonstrate record activity in the lawsuit for more than a year. See Lamberto v. Artime, 672 So.2d 886 (Fla. 3d DCA 1996).
On September 2, 1998, Artime sued ap-pellees Marc C. Brotman, Joel R. Wolpe, Mark A. Liebowitz, and Steven R. Berger, for legal malpractice. Artime alleged that the defendants negligently permitted a period in excess of one year to expire during the pendency of the lawsuit without record activity by the filing of pleadings, order of court or otherwise. As fate would have it, Artime’s new counsel also neglected to prosecute the case diligently and another year elapsed without record activity.
On July 10, 2002, Brotman moved to dismiss for lack of prosecution. But as Lao-tzu wrote: “Good fortune lieth within bad, and bad fortune within good.”[1] Instead of filing the motion, defense counsel mailed it to Artime’s counsel. Upon receipt of the motion, Artime’s counsel promptly filed a notice of trial on July 12, 2002, three days before the defendants’ motion was filed at the courthouse. At the hearing on the defendants’ motion to dismiss, the trial court dismissed Artime’s lawsuit for lack of prosecution because the defendants served their motion before Ar-time filed his notice.
The defendants argue that the trial court properly dismissed the case be *693 cause the measurement for the one year lack of prosecution time period is based upon the date of service of the motion to dismiss and not the date on which the motion is filed. They rely upon the language contained in the 2002 Florida Supreme Court Model Final Judgment of Dismissal, Form 1.989, which states “for a period of 1 year before serving the motion.”
Rule 1.420(e), Florida Rules of Civil Procedure (2002), provides in pertinent part:
All actions in which it appears on the face of the record that no activity by filing of pleadings, order of court, or otherwise has occurred for a period of 1 year shall be dismissed by the court on its own motion or on the motion of any interested person.
(emphasis added). Thus, the language of the rule uses filing, not service, as the operative event to determine record activity. Nevertheless, the defendants argue that we should use service of the motion, not filing, as the operative event. This would create however, an incongruous and confusing situation for the courts when considering dismissal under rule 1.420(e) because they would look to the filing date for pleadings, but the date of service for motions. We decline defendants’ invitation to muddle what, we believe, has been clear in the rule and the case law.
As the Florida Supreme Court recently stated in Metropolitan Dade County v. Hall, 784 So.2d 1087, 1090 (Fla.2001), rule 1.420(e) provides that actions be dismissed “if it appears on the face of the record that there was no activity within the past year. This requires only a review of the record. There is either activity on the face of the record or there is not.” (emphasis supplied). The rule has engendered sufficient litigation without creating a situation where we look to the face of the record for activity and to the date of service for motions to dismiss for lack of such activity. Thus, it is not surprising that the cases have a priori used filing as the operative event. Frohman v. Bar-Or, 660 So.2d 633, 636-37 (Fla.1995) (explaining that the one-year period should “be measured backwards from the time preceding the filing of the motion to dismiss for lack of prosecution.”) (emphasis supplied); Carter v. DeCarion, 400 So.2d 621, 522 (Fla. 3d DCA 1981)(stating that rule 1.420(e) is not self executing and requires the filing of a motion to dismiss or court action before a cause may be dismissed); Kear-ney v. Ross, 743 So.2d 678, 580 (Fla. 4th DCA 1999)(“The ‘one year’ period specified in rule 1.420(e) is to be measured by calculating the time between the date of the last record activity and the date of the filing of the motion to dismiss.”) (emphasis supplied); Peterzell v. James Urbach, M.D., P.A., 497 So.2d 921, 922 (Fla. 5th DCA 1986)(holding that rule 1.420 was not properly triggered when despite one year lack of activity, notice for trial was filed before motion to dismiss was filed). The filing of a motion to dismiss for lack of prosecution is thus the critical act which must be performed prior to the dismissal of an action for inactivity during the preceding one year. Frohman, 660 So.2d at 636; Carter, 400 So.2d at 522.
In this case, Artime filed his notice of trial three days before the defendants filed their motion to dismiss. This constitutes record activity within one year preceding the filing of the motion to dismiss. Although the language contained in Florida Supreme Court Form 1.989 does not mention the filing of the motion as the time period in which to begin to measure inactivity, we cannot favor language in a form over the clear language of the rule and long standing case law to the contrary. The trial court therefore erred as a matter *694 of law in dismissing the case for lack of prosecution.
Reversed and remanded.

. Sixth Centuiy B.C. Chinese philosopher; Trans. Number 8, The Columbia World of Quotations 1996, (Columbia University Press).