ALTENBERND, Judge.
Pablo and Mercedes Izquierdo appeal an order dismissing their lawsuit for failure to prosecute. They filed an action against the Hillsborough County School Board (School Board) on behalf of their minor son, Michael, alleging that he sustained bodily injuries at a school-sponsored festival when an errant softball from a dunking booth struck him in the face. We reverse and remand for an evidentiary hearing on the issue of good cause.
The Izquierdos filed the lawsuit in May 2002. The record discloses a period of more than one year without activity. On July 8, 2003, the School Board filed a motion to amend its affirmative defenses.. The next document filed in the record is the School Board’s motion to dismiss for failure to prosecute, which was filed on July 14, 2004.
A hearing was held on the motion to dismiss on September 22, 2004. The day before the hearing, the Izquierdos’ attorney, Brian Freeman, filed an affidavit of good cause, attaching several documents that he states he served on the court and opposing counsel. The attachments include a notice for trial, a notice of serving answers to interrogatories, and a response to defendant’s request to produce documents, all containing certificates of service representing that they were mailed on December 12, 2003.
The affidavit and attachments are odd in several respects. First, the answers to interrogatories are not signed by a party, much less signed under oath. The response to the request to produce contains a certificate of service, but it is not signed by anyone. The notice for trial was prepared using a different word-processing format than the other two documents. The affidavit of good cause has no information about who prepared the documents or when and how they were mailed. There is nothing to establish whether they were ever returned undeliverable.
Mr. Freeman attended the hearing on September 22 and represented that he first became aware that the documents were not in the court file on the preceding day. He argued that the mailing of the documents established good cause even if they were not received by the court and opposing counsel. The trial court decided that it did not need to perform any investigation outside the court record. It assumed that the documents were mailed but decided that the mailing of such documents alone could not constitute good cause.
We conclude that an attorney who actually served pleadings by United States mail on a court and opposing counsel and who did not have them returned as undeliverable would have good cause to believe that he was prosecuting his case. Cf. Lang v. Mason, 911 So.2d 167 (Fla. 2d DCA 2005) (notices served within the one-year period but filed a few days later constitute good cause to avoid dismissal for failure to prosecute); see also Brown v. Giffen Indus., Inc., 281 So.2d 897, 900 (Fla.1973) (presumption that what is properly mailed is delivered). In this case, the notice to set the case for trial, if properly filed, would have avoided the risk of a *1011 dismissal for failure to prosecute. See State Dep’t of Envtl. Prot. v. Crest Prods., Inc., 671 So.2d 211 (Fla. 2d DCA 1996) (holding filing of notice for trial bars trial court from dismissing action for lack of prosecution); see also Artime v. Brotman, 838 So.2d 691 (Fla. 3d DCA 2003) (holding that filing of notice of trial three days before filing of motion to dismiss constituted record activity so as to prevent dismissal). On the other hand, we do not believe that the record is sufficient to establish when and how these pleadings were served.
The documents in the record all appear to have been created by a word processor. The Izquierdos should be able to provide evidence of the date that the documents were created. Assuming that Mr. Freeman kept record of his postage expenses, he should have independent evidence that the three documents were posted on the date reflected in the certificate of service. Thus, we conclude that the Izquierdos should have the opportunity to establish good cause at an evidentiary hearing.
Reversed and remanded.
CASANUEVA and LaROSE, JJ., Concur.