MAY, J.
 

 The plaintiff appeals an order denying his motion to vacate the dismissal of his complaint for libel and slander, pursuant to Florida Rule of Civil Procedure 1.540, after he and his attorney failed to appear at hearings on two motions to dismiss. He argues that a successor judge failed to conduct an evidentiary hearing to determine if the plaintiff received notice. We agree and reverse.
 

 The plaintiff, a candidate for city commissioner, filed a first amended complaint alleging two counts of defamation of character against two separate defendants. The allegations focused on the defendants’ interviews with media and other communications in which the defendants allegedly called the plaintiff anti-Semitic. From the record, it appears that there was some miscommunication regarding the setting of hearings between plaintiffs counsel and defense counsel prior to the hearings giving rise to this appeal because the trial court issued the following order.
 

 Both attorneys of record must coordinate all court hearing dates and all deposition dates with the opposing counsel in the spirit of professional courtesy and order of this court. There shall be no unilateral setting of hearings or depositions.
 

 
 *810
 
 The defendants filed motions to dismiss. Despite the order, one of the defendants filed a notice of hearing on the motion for May 7, 2008. The certificate of service indicated that the notice was sent by mail on April 29, 2008. Plaintiffs counsel failed to appear at the hearing. Defense counsel advised the court that he had faxed and mailed the notice to plaintiffs counsel, and had called and left messages on both the cell and office phones. The judge called plaintiffs counsel on his cell and office numbers, heard counsel’s voice mail, and left a message instructing the lawyer to return the call. The judge then heard a motion for protective order, but declined to hear the motion to dismiss.
 

 The next day, the same defendant filed a re-notice of hearing for May 22, 2008, certifying that notice was sent by mail to the same address for plaintiffs counsel. Once again, neither the plaintiff nor his counsel appeared at the hearing. Defense counsel explained to the court the efforts taken to notice plaintiffs counsel, which included mail, fax, and phone notice. Defense counsel also advised the court that he had difficulty reaching plaintiffs counsel, but had received a message indicating that plaintiffs counsel had moved and no longer had a fax machine.
 

 The trial court proceeded with the hearing. The court granted the motion to dismiss with prejudice, and added that the “[pjlaintiff was duly noticed and for the second time failed to appear.”
 

 The next day, the second defendant filed a notice of hearing on his motion to dismiss for May 29, 2008 showing service at both the plaintiffs counsel’s old and new addresses. Yet, once again no one appeared for the plaintiff on the scheduled hearing date. Defense counsel explained his unsuccessful efforts to reach plaintiffs counsel by mail, fax, and phone. The judge once again attempted to call the attorney, but reached an assistant who advised the judge to leave a voice mail message for the attorney. The court granted the second defendant’s motion to dismiss with prejudice and made a finding that the plaintiff was duly noticed and failed to appear.
 

 Through new counsel, the plaintiff filed a motion for rehearing and/or modification and/or to vacate the orders dismissing the first amended complaint. The motion alleged that plaintiffs former counsel was never notified of the hearings and did not receive copies of the dismissal orders. Former plaintiffs counsel provided a sworn affidavit that he had not received the notices of hearings on either motion to dismiss. The affidavit further explained that counsel had moved offices, and that defense counsel had continually set hearings without coordinating with his office as required by the pre-trial order.
 

 A successor judge heard the motion. That judge indicated that he was bound by the prior trial judge’s findings that the plaintiffs counsel had been notified and could not rehear the issue. Plaintiffs counsel urged the court to consider the affidavit and the arguments set forth in the motion, but the successor judge declined to address whether the complaint had been properly dismissed with prejudice and whether plaintiffs counsel had been properly noticed of the hearings. The successor judge denied the motion.
 

 On appeal, the plaintiff argues that the successor judge erred in failing to conduct an evidentiary hearing to determine whether plaintiff had received notice of the hearings on the motions to dismiss. Alternatively, the plaintiff argues the trial court erred in granting the motions to dismiss. We agree that the plaintiff was entitled to an evidentiary hearing on the motion to vacate. We do not reach the second issue.
 

 “A trial court’s refusal to vacate a default judgment is reviewed for a gross
 
 *811
 
 abuse of discretion.”
 
 Viets v. Am. Recruiters Enters.,
 
 922 So.2d 1090, 1095 (Fla. 4th DCA 2006).
 

 A presumption of notice arises when a certificate of service indicates that pleadings and orders were mailed to counsel.
 
 Camerota v. Kaufman,
 
 666 So.2d 1042, 1045 (Fla. 4th DCA 1996). That presumption is rebuttable.
 
 Id.; W.T. Holding v. State, Agency for Health Care Admin.,
 
 682 So.2d 1224, 1225-26 (Fla. 4th DCA 1996). “While a sworn affidavit stating that the filing was not received will not automatically overcome the presumption, such an affidavit will create an issue of fact which must be resolved by the trial court.”
 
 Camerota,
 
 666 So.2d at 1045. That resolution requires an evidentiary hearing.
 
 Torrey v. Torrey,
 
 815 So.2d 773, 775-76 (Fla. 4th DCA 2002).
 

 The defendants suggest that the original trial judge made the requisite finding that the plaintiff received notice of the hearings. However, the original judge did not have the opportunity to consider the affidavit of plaintiffs counsel in rebuttal. That affidavit was not produced until the plaintiff filed his motion to rehear/modify/vacate the order of dismissal. It appears the trial court “mistakenly believed that the matter had been resolved adversely to plaintiff by a predecessor.”
 
 Scutieri v. Miller,
 
 584 So.2d 15, 16 (Fla. 3d DCA 1991). For this reason, we reverse and remand the case to the trial court to resolve the factual dispute.
 

 Reversed and Remanded.
 

 STEVENSON and LEVINE, JJ., concur.