DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**DIANA JELIC,**
Appellant,

v.

**CITIMORTGAGE, INC., as Successor by Merger with FIRST
NATIONWIDE MORTGAGE CORPORATION,**
Appellee.

No. 4D13-2933

[November 19, 2014]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Roger B. Colton, Judge; L.T. Case No. 502009CA007486XXXXMB.

Peter Ticktin, Josh Bleil, Kendrick Almaguer, and Michael Vater of The Ticktin Law Group, P.A., Deerfield Beach, for appellant.

Nancy M. Wallace, Michael J. Larson, and Ryan D. O'Connor of Akerman LLP, Tallahassee, and William P. Heller of Akerman LLP, Fort Lauderdale, for appellee.

FORST, J.

In this foreclosure action, Appellant Diana Jelic appeals the trial court's entry of final summary judgment in favor of the appellee, CitiMortgage, Inc. Appellant argues the trial court reversibly erred by (1) entering summary judgment despite CitiMortgage's failure to refute her affirmative defenses of unclean hands and failure to satisfy the conditions precedent, and (2) admitting the affidavit in support of the motion for summary judgment. For the reasons stated below, we disagree and affirm the summary judgment of foreclosure.

**Standard of Review**

We review an order granting summary judgment *de novo. Volusia Cnty. v. Aberdeen at Ormond Beach, L.P.*, 760 So. 2d 126, 130 (Fla. 2002). "Summary judgment cannot be granted unless the pleadings, depositions,

answers to interrogatories, and admissions on file together with affidavits, if any, conclusively show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Allenby & Assocs., Inc. v. Crown St. Vincent Ltd.*, 8 So. 3d 1211, 1213 (Fla. 4th DCA 2009) (quoting *Fini v. Glascoe*, 936 So. 2d 52, 54 (Fla. 4th DCA 2006)). When evaluating summary judgment evidence, the court must "draw every reasonable inference in favor of the non-moving party." *Knight Energy Servs., Inc. v. Amoco Oil Co.*, 660 So. 2d 786, 788 (Fla. 4th DCA 1995).

**CitiMortgage Sufficiently Rebutted Appellant's Affirmative Defenses**

"Before a plaintiff is entitled to a summary judgment of foreclosure, the plaintiff must either factually refute the alleged affirmative defenses or establish that they are legally insufficient to defeat summary judgment." *Id.* In the instant case, Appellant alleged a wide array of violations on the part of CitiMortgage, the prior holders of the note, and the entire mortgage lending industry.[1] Generic claims that fail to allege any particularized conduct on the part of the foreclosing bank are insufficient to assert a claim of unclean hands. *See Tribeca Lending Corp. v. Real Estate Depot, Inc.*, 42 So. 3d 258, 263 (Fla. 4th DCA 2010) (holding no valid unclean hands defense existed where plaintiff's conduct was not the cause of alleged harm to defendant). Defendants in a foreclosure action cannot escape a judgment simply by attempting to overwhelm the court with the number of violations alleged. Throwing the proverbial "everything but the kitchen sink" at a plaintiff's motion for summary judgment does not, alone, create a sufficient issue of material fact to prevent summary judgment. The alleged defenses must still be factually and legally sufficient. In the instant case, they were not; in fact, Appellant stated in her deposition that CitiMortgage did not do "anything wrong with regard to [her] loan."

Similarly, Appellant claims CitiMortgage failed to provide her with notice of acceleration, as required by the note. Appellant bases this argument on the fact that she does not recall receiving such notice. However, Appellant conceded that she had no reason not to believe the notice was sent and CitiMortgage submitted an affidavit stating that notice was sent, along with an attached copy of the letter and records showing the letter was mailed. *See Camerota v. Kaufman,* 666 So. 2d 1042, 1045 (Fla. 4th DCA 1996) (noting the rebuttable presumption that mailed letters will be received by the recipient).

---

[1] For example, Appellant accused the mortgage lending industry of acting "with the purpose of deriving great profits."

Because none of Appellant's defenses were legally sufficient (and, in several instances, were contradicted by Appellant's deposition testimony), her claim that CitiMortgage failed to refute her affirmative defenses is rejected. The trial court properly found that the undisputed evidence shows CitiMortgage complied with all conditions precedent to foreclosure.

## Affidavit Submitted by CitMortgage
## Was Properly Considered by the Trial Court

As a secondary issue (though interwined with the affirmative defenses argument), Appellant contends that the affidavit submitted by CitiMortgage in support of its motion for summary judgment failed to meet the requirements of Florida Rule of Civil Procedure 1.510(e). This rule requires that "sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith." *Id.* In the instant case, CitiMortgage submitted an affidavit swearing to the authenticity of the business records used to determine the amounts owed. The affiant attached a copy of the payment history going back to November 2005. Although Appellant alleges the affiant referred to other documents to determine the amounts owed, this is the only document the affiant referred to in her deposition. Therefore, CitiMortgage has met the requirements of Rule 1.510(e) that "copies of all papers or parts thereof referred to in an affidavit" be attached.

Additionally, while CitiMortgage included the allegedly deficient affidavit in its motion for summary judgment, nothing in the record provided shows that Appellant objected to the affidavit during the summary judgment proceedings. "[F]ailure to timely object to the sufficiency of [CitiMortgage's] affidavit when it was presented on motion for summary judgment is fatal to this claim." *Vilvar v. Deutsche Bank Trust Co. Ams.,* 83 So. 3d 853, 856 (Fla. 4th DCA 2011).

## Conclusion

In November 2008, Appellant ceased making her monthly mortgage payments on the subject property. This resulted in a foreclosure complaint filed by CitiMortgage, the then-holder of a promissory note for the property. As CitiMortgage was able to refute Appellant's affirmative defenses as factually and/or legally insufficient, and established an absence of disputed issues of material fact (as distinct from disputed but not supported *theories*), the trial court properly granted summary judgment with respect to CitiMortgage's foreclosure complaint.

3

*Affirmed.*

DAMOORGIAN, C.J., and CIKLIN, J., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***