# Third District Court of Appeal

## State of Florida

Opinion filed November 2, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-720
Lower Tribunal No. 20-11804 CC
_____

**Arthur J. Morrison,**
Appellant,

vs.

**Z Roofing & Waterproofing, Inc.,**
Appellee.

An Appeal from a non-final order from the County Court for Miami-Dade County, Michael G. Barket, Judge.

Law Offices of Daryl L. Jones, P.A., and Faequa A. Khan, for appellant.

Roger Cabrera, P.A., and Roger Cabrera, for appellee.

Before EMAS, LINDSEY and GORDO, JJ.

PER CURIAM.

Arthur J. Morrison ("Morrison") appeals a nonfinal order denying his motion to vacate default judgment against Z Roofing & Waterproofing, Inc. ("Z Roofing"). We have jurisdiction. Fla. R. App. P. 9.130(a)(5). On appeal Morrison argues the trial court erred in denying his motion to vacate the default final judgment because he filed multiple responsive pleadings prior to entry of default. We agree and reverse.

Here, Morrison filed four responsive pleadings prior to the entry of default judgment. Z Roofing argues these pleadings did not qualify as responsive pleadings because they were insufficient. The trial court however, never made such a finding nor did it strike Morrison's pleadings on this ground. Under Florida law, the trial court could not have entered default without striking or otherwise finding Morrison's pleadings insufficient. See Azure-Moore Invests. LLC v. Hoyen, 300 So. 3d 1268, 1270 (Fla. 4th DCA 2020) ("[W]ith no default entered, an answer on the record, and no order striking the answer, the trial court was without authority to enter a default and certainly had no basis to enter a default final judgment."); Singh v. Kumar, 234 So. 3d 1, 4 (Fla. 4th DCA 2017) (reversing and remanding where the trial court failed to strike or otherwise find the defendant's responsive letters insufficient); Carraway v. Common, 677 So. 2d 51, 52 (Fla. 2d DCA 1996)

(reversing and remanding entry of default judgment where "[n]o attempt was made to strike [defendant's] answer for noncompliance with a court order").

Reversed and remanded.