JOANOS, Judge.
The trial court erred in including in the November 26, 1997, order, a provision for prospective incarceration in the event appellant failed to pay the amounts ordered within the time provided, without also providing for a hearing on present ability to pay. We recognize that appellant has been the object of numerous previous contempt proceedings and findings with regard to orders to pay child support and attorney’s fees, and that the court anticipated that appellant might not pay these fees until contempt proceedings are instituted. However, this was the first time appellant had been ordered to pay these particular attorney’s fees, there had been no motion for contempt with regard to them, and no finding of contempt for failure to pay these amounts. It is improper to provide for automatic incarceration in the event of future non-compliance with a court order without also providing for an additional hearing on ability to pay. See Miller v. Miller, 587 So.2d 601 (Fla. 5th DCA 1991); see also Bowen v. Bowen, 471 So.2d 1274 (Fla. 1985)(court cannot impose incarceration for civil contempt absent finding of present ability to purge of the contempt). The order is REVERSED and REMANDED for further consistent proceedings.
ALLEN and WEBSTER, JJ., concur.