734 So.2d 527 (1999)
Carl PICURRO, III, Appellant,
v.
Susan R. PICURRO, Appellee.
No. 98-2525.
District Court of Appeal of Florida, Fourth District.
May 26, 1999.
*528 Sheldon Engelhard of Sheldon Engelhard, P.A., Boca Raton, for appellant.
No brief filed for appellee.
PER CURIAM.
Appellant appeals the trial court's order denying his motion for rehearing of order of commitment. Appellant asserts that the trial court erred by entering an order of commitment without conducting a hearing to determine his present ability to pay. Moreover, the trial court's order did not contain any findings of appellant's present ability to pay. Appellant filed a motion for rehearing, which was denied. We reverse.
"[I]ncarceration for civil contempt cannot be imposed unless the trial court finds a present ability to purge himself of contempt." Pompey v. Cochran, 685 So.2d 1007, 1014 (Fla. 4th DCA 1997). Civil contempt proceedings in family support cases involve a two part process. See id. In the first step, once a movant comes forward with evidence showing that a party was court ordered to pay and has defaulted, a presumption exists that the defaulting party has the present ability to pay. See Bowen v. Bowen, 471 So.2d 1274, 1278 (Fla.1985); Pompey, 685 So.2d at 1014. The burden then shifts to the defaulting party to show lack of present ability to pay. See Bowen, 471 So.2d at 1278-79. The court must then weigh the evidence to determine whether contempt has occurred. See id. at 1279.
In the second step, if the court has determined that contempt has occurred, the court must evaluate the alternatives to determine whether incarceration is appropriate. See id.; Pompey, 685 So.2d at 1014. "If incarceration is deemed appropriate, the court must make a separate, affirmative finding that the contemnor possesses the present ability to comply with the purge conditions set forth in the contempt order." Bowen, 471 So.2d at 1279. In addition, "the presumption of ability to pay which exists in the first step is not a substitute for the `separate, affirmative finding' of ability to pay required for incarceration." Pompey, 685 So.2d at 1014.
In the present case, while the trial court's order stated that appellant was in willful contempt, it did not address appellant's present ability to pay. Because the trial court was required to make a "separate, affirmative finding" of appellant's present ability to pay before imposing incarceration, we reverse and remand for a hearing on the appellant's present ability to pay.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS IN ACCORDANCE WITH THIS OPINION.
GUNTHER, FARMER and GROSS, JJ., concur.