827 So.2d 1093 (2002)
DEPARTMENT OF REVENUE, o/b/o Tamie E. MEADE, Appellant,
v.
David A. MEADE, Appellee.
No. 2D01-352.
District Court of Appeal of Florida, Second District.
October 16, 2002.
Robert A. Butterworth, Attorney General, Tallahassee, and Charlie McCoy, Assistant Attorney General, Tallahassee, for Appellant.
No Appearance for Appellee.
CASANUEVA, Judge.
We review a contempt order of the circuit court in which the judge declined to issue a writ of bodily attachment in the absence of an evidentiary hearing. We affirm.
When David A. Meade ceased paying child support arrears pursuant to an order entered in 1999, the Department of Revenue, on behalf of Tamie E. Meade, moved to hold Mr. Meade in contempt. A hearing was scheduled and notice was sent to Mr. Meade at his last known addresses. The notice warned, in bold type, that Mr. Meade's failure to appear at the hearing and to rebut the statutory presumption of ability to pay might result in his incarceration; that failure to appear might result in the court's issuance of a writ of bodily *1094 attachment; and that under the writ Mr. Meade could be held in jail for up to forty-eight hours before a hearing would be held.
When Mr. Meade failed to appear for the October 17, 2000, hearing, the hearing officer issued a recommended order holding him in contempt but declining to issue a writ of bodily attachment without further hearing. The circuit judge then signed the recommended order without rejecting the hearing officer's findings. The Department now claims that the circuit judge abused his discretion by requiring an additional hearing before issuing of the writ of bodily attachment.
Florida Family Law Rule of Procedure 12.615(c)(2)(B) provides that in any civil contempt hearing the court
may issue a writ of bodily attachment and direct that, upon execution of the writ of bodily attachment, the alleged contemnor be brought before the court within 48 hours for a hearing on whether the alleged contemnor has the present ability to pay support and, if so, whether the failure to pay such support is willful.
Unlike a civil contempt order containing a purge amount, a person seized pursuant to a writ of attachment does not possess the key to the jail cell by paying a court-ordered sum. Instead, the contemnor could be held for up to a maximum period of forty-eight hours before being presented to the judicial officer who ordered the seizure. Because it is "improper to provide for automatic incarceration in the event of future non-compliance with a court order without also providing for an additional hearing on ability to pay," Samuels v. Grossman, 720 So.2d 297, 297 (Fla. 1st DCA 1998), the writ of attachment commands the appearance of the contemnor before the court so that the ability to pay a purge amount may be ascertained. This is so because incarceration "for civil contempt cannot be imposed unless the trial court finds a present ability to purge himself of contempt." Picurro v. Picurro, 734 So.2d 527, 528 (Fla. 4th DCA 1999).
In a letter to an attorney who had been handling the Department of Revenue's child support cases in his division, the circuit judge expressed appropriate concern over whether the court had, in fact, obtained jurisdiction over the contemnor's person, whether the issuance of the writ might violate existing bankruptcy court orders, and whether the proper party to receive the child support payments had been identified. Accordingly, the judge imposed the additional requirement in all future cases for the Department's attorney to seek a separate hearing before the circuit judge before a writ of bodily attachment would be issued. The hearing officer relied upon that letter in declining to recommend issuance of the writ of bodily attachment against Mr. Meade. We conclude that the resolution of such concerns is not an abuse of discretion where a person's liberty hangs in the balance.
This court has observed that, although "a person facing civil contempt sanctions is not entitled to the full panoply of due process rights afforded to a person facing indirect criminal contempt charges, he or she is nonetheless entitled to a proceeding that meets the fundamental fairness requirements of the due process clause of the Fourteenth Amendment to the United States Constitution." Bresch v. Henderson, 761 So.2d 449, 451 (Fla. 2d DCA 2000). The circuit judge's desire to ascertain the propriety of the writ of bodily attachment before issuance is consistent with this court's expressed sentiments in *1095 Bresch and does not constitute an abuse of discretion.
Affirmed.
PARKER and GREEN, JJ., concur.