834 So.2d 411 (2003)
Derik Brian LOWERY, Petitioner,
v.
STATE of Florida, Respondent.
No. 5D02-3816.
District Court of Appeal of Florida, Fifth District.
January 17, 2003.
Derik Brian Lowery, Orlando, pro se.
No Appearance for Respondent.
PER CURIAM.
Petitioner seeks habeas corpus relief from his judgment and sentence. On March 10, 1999, petitioner pled no contest to unlawful sexual activity with a 17 year old minor and interference with custody. On June 11, 1999, he was sentenced to 68.7 months incarceration to be followed by 60 months probation. Petitioner was later resentenced to 68.7 months incarceration to be followed by 45.8 months probation.
After pursuing appeal rights, petitioner filed a 3.800 motion to correct his sentence, and subsequently filed a 3.850 motion for post-conviction relief. After an evidentiary hearing on his 3.850 motion, his motion was denied. In the 3.850 appeal, an Anders brief was filed and this court affirmed the order denying relief.
The instant habeas corpus petition first alleges ineffective assistance of trial counsel. Habeas corpus is not a proper remedy for issues which could be raised in a 3.850 motion. See Fla. R.Crim. P. 3.850(h). Even if petitioner had pursued the proper remedy and filed a Rule 3.850 motion in the trial court, the motion would have been successive, as petitioner could have raised this ground in his prior 3.850 motion. See Fla. R.Crim. P. 3.850(f).
Petitioner also claims that counsel appointed for his 3.850 evidentiary hearing was ineffective. The Supreme Court of Florida has held that this type of an ineffective assistance of post-conviction counsel claim is not cognizable in subsequent post-conviction proceedings. See Foster v. State, 810 So.2d 910, 915 (Fla.2002); Waterhouse v. State, 792 So.2d 1176 (Fla. 2001).
PETITION FOR WRIT OF HABEAS CORPUS DENIED.
PETERSON, SAWAYA and PLEUS, JJ., concur.