SILBERMAN, Judge.
The Department of Revenue appeals an order disapproving the report and recommendation of a hearing officer and denying the Department’s motion for contempt and writ of bodily attachment. We reverse.
The Department filed a motion to hold Robert D. Moore in contempt for failing to pay child support pursuant to a 1989 support order. The motion gave notice of a hearing to be held before a child support enforcement hearing officer. After Mr. Moore failed to appear for the hearing, the hearing officer made the following written findings: (1) Mr. Moore was served with the motion and notice by regular U.S. mail; (2) the notice was sent to Mr. Moore’s last known address and a second address confirmed by postal verification and was reasonably calculated to apprise Mr. Moore of the pendency of the proceedings; (3) Mr. Moore was presumed to be in contempt for failure to pay outstanding arrears of $20,435.68; and (4) Mr. Moore was presumed to be able to pay that amount and had not rebutted the presumption. The hearing officer set a purge amount of $206 and recommended that the trial court enter a writ of bodily attachment.
The trial court reviewed the hearing officer’s report and recommendation and entered an order denying the writ of bodily attachment, denying the Department’s motion, and disapproving the report and recommendation. The trial court concluded that the “Notice of Hearing and Motion for Contempt were legally insufficient to put [Mr. Moore] on notice for the hearing as [Mr. Moore] was never advised to keep his address current with the Clerk of the Circuit Court or the Department of Revenue.”
Contrary to the trial court’s conclusion, in an earlier support order Mr. Moore had been advised to keep his address current by providing any change of address to the clerk of the court and to the Department. Pursuant to Florida Family Law Rule of Procedure 12.615(b), a “civil contempt motion and notice of hearing may be served by mail provided notice by mail is reasonably calculated to apprise the alleged con-temnor of the pendency of the proceedings.” Additionally, Florida Family Law Rule of Procedure 12.491(f) provides that upon receipt, the trial court shall review a recommended order and “enter an order promptly unless good cause appears to amend the order, conduct further proceedings, or refer the matter back to the hearing officer to conduct further proceedings.”
*413 Because the record reflects that the trial court’s rejection of the hearing officer’s report and recommendation was based on the erroneous belief that Mr. Moore was not told to keep his address current with the clerk of the court or the Department, we reverse and remand for further proceedings. On remand, the trial court must reconsider the report and recommendation and proceed in accordance with the applicable rules of procedure. We note that the trial court may conduct a hearing to determine the propriety of the writ of bodily attachment before it is issued. See Dep’t of Revenue ex rel. Meade v. Meade, 827 So.2d 1093, 1094-95 (Fla. 2d DCA 2002). If a writ of bodily attachment is issued, then upon incarceration Mr. Moore must be brought before the court within forty-eight hours for a determination of whether he continues to have the present ability to pay the purge amount. See Fla. Fam. L.R.P. 12.615(e).
Reversed and remanded for further proceedings.
NORTHCUTT and STRINGER, JJ., Concur.