SILBERMAN, Judge.
The Department of Revenue appeals an order disapproving the report and recommendation of a hearing officer and denying the Department’s motion for contempt and writ of bodily attachment. We reverse.
The Department filed a motion to hold Elbert Coley in contempt for failing to pay child support pursuant to a 1985 support order. The motion gave notice of a hearing to be held before a child support enforcement hearing officer and stated that a writ of bodily attachment may be issued if Mr. Coley failed to appear at the hearing. After Mr. Coley failed to appear, the hearing officer made the following written findings: (1) the Department served the motion and notice to Mr. Coley by regular U.S. mail; (2) the notice was sent to an address confirmed by postal verification and was reasonably calculated to apprise Mr. Coley of the pendency of the proceedings; (3) Mr. Coley was presumed to be in contempt for failure to pay outstanding arrears of $12,006.77; and (4) Mr. Coley *419 was presumed to be able to pay that amount and had not rebutted the presumption. The hearing officer 'set a purge amount of $300 and recommended that the trial court enter a writ of bodily attachment.
The trial court reviewed the hearing officer’s report and recommendation and entered an order denying the Department’s motion, denying the writ of bodily attachment, and disapproving the report and recommendation. The trial court concluded that the “Notice of Hearing and Motion for Contempt were legally insufficient to put [Mr. Coley] on notice for the hearing as [Mr. Coley] was never advised to keep his address current with the Clerk of the Circuit Court or the Department of Revenue.”
Contrary to the trial court’s conclusion, in an earlier order on motion for contempt Mr. Coley had been advised to keep his address current by prpviding any change of address to the clerk of the court. Pursuant to Florida Family Law Rule of Procedure 12.615(b),. a “civil contempt motion and notice of hearing may be 'served by mail provided notice by mail is reasonably calculated to apprise the alleged contem-nor of the pendency of the proceedings.” Additionally, Florida Family Law Rule of Procedure 12.491(f) provides that upon receipt, the trial court shall review a recommended order and “enter an order promptly unless good cause appears to amend the order, conduct further proceedings, or refer the matter back to the hearing officer to conduct further proceedings.”
Because the record reflects that the trial court’s rejection of the hearing officer’s report and recommendation was based on the erroneous belief that Mr. Coley was not told to keep his address current with the clerk of the court, we reverse and remand for further proceedings. On remand, the trial court must reconsider the report and recommendation and proceed in accordance with the applicable rules of procedure. We note that the trial court may conduct a hearing to determine the propriety of the writ of bodily attachment before it is issued. See Dep’t of Revenue ex rel. Meade v. Meade, 827 So.2d 1093, 1094-95. (Fla. 2d DCA 2002). If a writ of bodily attachment is issued, then upon incarceration Mr. Coley must be brought before the court within forty-eight hours for a determination of whether he continues to have the present ability to pay the purge amount. See Fla. Fam. L.R.P. 12.615(e).
Reversed and remanded for further proceedings.
NORTHCUTT and STRINGER, JJ., Concur.