COVINGTON, Judge.
Mark Pope appeals the trial court’s order adjudicating him in civil contempt for failure to pay child support and ordering indefinite incarceration with a $25,000 purge condition. Pope resides in Colorado and is not presently in custody. Because he did not attend the hearing, he did not present evidence as to his present ability to pay the purge amount. Because the trial court erred by failing to comply with Florida Family Law Rule of Procedure 12.615 in two respects, we reverse and remand for the trial court to issue an amended order.
First, the order does not include a recitation of the factual basis, as required by rule 12.615(e), for its finding that Pope had the present ability to pay the purge amount. See Bowen v. Bowen, 471 So.2d 1274, 1278 (Fla.1985); Bresch v. Henderson, 761 So.2d 449, 451 (Fla. 2d DCA 2000). Second, the order incorrectly worded the writ of bodily attachment it imposed pursuant to rule 12.615(c)(2)(B). The writ of bodily attachment procedure provided in rule 12.615(e) is designed to assure that a nonappearing obligor is afforded due process. See Dep’t of Revenue ex rel. Meade v. Meade, 827 So.2d 1093, 1094 (Fla. 2d DCA 2002); Pompey v. Cochran, 685 So.2d 1007, 1015 (Fla. 4th DCA 1997). Such a writ should direct that the contemnor “be brought before the court within 48 hours for a hearing on whether the alleged contemnor has the present ability to pay.” Fla. Fam. L.R.P. 12.615(c)(2)(B). The writ issued here directs only that Pope be taken into custody and confined in the Sarasota County Jail unless he pays the purge amount. It omits any provision for an ability-to-pay hearing before incarceration.
We reverse and remand with directions for the trial court to enter an amended order consistent with this opinion.
CASANUEVA and WALLACE, JJ., Concur.